### BOWEN et al. v. GRAYUM et al.

(Court of Civil Appeals of Texas. Amarillo. June 29, 1912. Rehearing Denied Oct. 12, 1912.)

1. APPEAL AND ERROR (§ 79*) — INTERLOCUTORY JUDGMENT.

Plaintiffs sued as taxpayers to enjoin a commissioner's court and the purchasers from completing a sale of school land. The county demurred, and by cross-petition sought to recover against plaintiffs interest at 6 per cent. on $5,800 as damages to the county school fund by reason of the institution of the suit and delaying the sale. The purchasers also answered, and by cross-petition against the county sought the removal of the cloud cast on their title by reason of the filing of the suit and lis pendens which plaintiffs had caused to be placed on the records. The demurrers of the purchasers and the county being sustained, and plaintiffs refusing to amend, the court dismissed their cause of action, but did not dispose of the cross-action filed by the court, nor that filed by the purchasers to remove the cloud from their title, from which judgment plaintiffs appealed. *Held*, that the judgment against plaintiffs without disposing of the cross-petitions was not final, and hence not appealable.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 484–493; Dec. Dig. § 79.*]

2. APPEAL AND ERROR (§ 454*) — INTERLOCUTORY JUDGMENT—JURISDICTION.

Where an appeal is taken from a judgment or decree which is not final, the appellate court is without jurisdiction for any purpose except to enter an order of dismissal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2215; Dec. Dig. § 454.*]

3. APPEAL AND ERROR (§ 797*)—DISMISSAL OF APPEAL.

Where a duly certified transcript filed by appellee in support of a motion to dismiss showed that no final judgment had been entered, the court will dismiss the appeal for that rea-

son on the transcript so certified, though the time within which appellant could file a transcript had not elapsed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3149–3154; Dec. Dig. § 797.*]

Appeal from District Court, Scurry County; Jno. B. Thomas, Judge.

Action by John Y. Bowen and others against F. J. Grayum and others. From a judgment in favor of defendants on the main case, plaintiffs appeal. Dismissed.

Davidson & Davidson, of Dallas, and M. E. Rosser, of Snyder, for appellants. Higgins, Hamilton & Taylor, of Snyder, and Beall & Beall, of Sweetwater, for appellees.

HALL, J. This suit was instituted in the district court of Scurry county by John Y. Bowen and others, as citizens and taxpayers of Scurry county, against the county judge and four commissioners, and against three persons who purchased the county's four leagues of school land from Scurry county through its commissioners' court, The plaintiffs below sought to enjoin the commissioners' court and said purchasers from making further orders in connection with the sale of the land, and from taking any other steps toward perfecting the title to the lands in said purchasers, and to cancel the contract of sale that had been made between the parties. The defendant Scurry county answered by general demurrer and special exceptions, and also pleaded over against the plaintiffs for 6 per cent. interest on $5,800 from February 12, 1912, as damages to the county school fund, by reason of the institution of this suit and delaying the payment to Scurry county of said sum as interest due on the sale of said lands, of which sum the county had been deprived by reason of the institution of said suit by plaintiffs. The defendants Grayum, Clark, and Harris, as purchasers of said land, answered by general demurrer and numerous special exceptions, and, in addition thereto, pleaded over against the plaintiff and Scurry county for a removal of the cloud cast upon their title by reason of the filing of this suit and a lis pendens which the plaintiffs had caused to be placed on the records of Lubbock county, to which county Hockley and Cochran counties, in which the land lies, are attached for judicial purposes, and prayed for removal of said cloud from said land. The general demurrers of the purchasers and the county to plaintiffs' petition were sustained as well as the special exceptions presented to same, and, plaintiffs electing to abide by their pleading and refusing to amend, the trial court dismissed the plaintiffs' cause of action, but did not, as shown by the record before us, in any way dispose of the cross-action filed by Scurry county against the plaintiffs or the cross-action and issue

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

raised thereby in the pleadings of the purchasers against the plaintiffs and Scurry county, wherein the purchasers sought to have the cloud removed from their title by reason of this suit and filing of the lis pendens in Lubbock county.

[1] From the judgment dismissing the plaintiffs' cause of action, the plaintiffs, instead of waiting for the issues thus raised by the pleadings of the defendant below to be tried out and a final judgment rendered in the entire cause, excepted and gave notice of an appeal to this court, and in due time filed their appeal bond, and, having failed to file a transcript in this court, the appellees Grayum, Clark, and Harris took out a transcript under and in accordance with the provisions of article 1410, Sayles' Annotated Civil Statutes of Texas, and filed same in this court on June 12, 1912, together with their motion to dismiss the appeal so perfected by appellants, and as grounds for dismissal it is urged that no final judgment had been rendered in the case from which the appeal is attempted to have been perfected. We are clearly of the opinion that there is such cross-action for affirmative relief found in the pleadings of both the defendants below as to require a disposition of the issues therein presented by the judgment of the trial court, even though the appellants in this case had taken a nonsuit, and we think it therefore follows that, as the judgment sought to be appealed from only disposed of the relief sought by the plaintiffs below, the judgment is not such a one as will support an appeal. It is well settled in this state that no appeal will lie from any judgment other than a final one, and that the judgment is not final, unless it disposes of all the material issues raised by the pleadings.

The Supreme Court of this state in disposing of the case of Dixon v. Sanderson, 6 S. W. 831, wherein this question was involved, uses this language: "Upon examining the record in this case, we find that no final judgment was rendered in the court below. There is an order in the transcript sustaining a demurrer and the plaintiff's amended petition, and a recital that to this ruling the plaintiff excepted, and gave notice of an appeal to the Supreme Court. But this did not necessarily dispose of the case. No recovery was had for either party, and what the adjudication of the court was as to the subject-matter of the suit does not appear. For want of a final judgment the appeal must be dismissed, and it is so ordered." The reason for the rule that an appeal will not lie except from a final judgment is that if a party were allowed to appeal from any and every interlocutory judgment during the pendency of a suit, and thus suspend the progress of the same during the pendency of the appeal, which would be an easy matter for a party unwilling to have a suit tried, it would result in an indefinite postponement of a termination to the litigation in the trial court. Kennedy v. Morrison, 31 Tex. 207.

[2] Where there has been no final judgment or decree in the court below, the appellate court is without jurisdiction for any purpose whatever, except to enter an order dismissing the case from the docket. 1 Enc. Dig. of Tex. Rep. p. 397.

[3] Appellants have filed in this court their objection to our considering appellees' motion to dismiss at this time on the grounds that the ninety days within which appellants could file the transcript in this court has not yet elapsed. Ordinarily, we would not consider a motion such as is at this time brought before us by appellees until after the time had elapsed within which the appellant could file the transcript in this court. Appellees, however, have brought before us and filed in this court a transcript duly certified to by the clerk of the district court of Scurry county, which shows upon its face that it is a full and complete transcript of all proceedings had in the trial court, and it is certified to by the clerk of the district court of Scurry county as such, from which it is clear that appellants can be deprived of no right so far as the record is concerned by our acting upon the motion at this time, and as the record itself shows most clearly that the judgment sought to be appealed from is not a final one, and it is made to appear to this court that not only the rights and interests of the parties to this suit, but the welfare of the school children of Scurry county, requires a speedy termination of this litigation, we have reached the conclusion that there can be no impropriety in our acting upon the motion at this time.

Being of the opinion that this court is without jurisdiction to dispose of this cause upon its merits, because no final judgment has been rendered in the court below, appellees' motion wil be sustained, and the appeal will be dismissed from the docket of this court at the costs of the appellees; and it is so ordered.