Maurice MINCHEN, Appellant,

v.

R. H. MURRAH, Sr., et al., Appellees.

No. 5148.

Court of Civil Appeals of Texas. El Paso.

Nov. 23, 1955.

Rehearing Denied Dec. 14, 1955.

———◆———

Swearingen & Bledsoe, Marfa, for appellant.

H. O. Metcalfe, William H. Earney, Marfa, for appellees.

HAMILTON, Chief Justice.

In the court below a suit was filed by R. H. Murrah, Sr., and R. H. Murrah, Jr., against Maurice Minchen, alleging in substance that Maurice Minchen had wrongfully procured the issuance of a temporary restraining order against them in cause No. 2678, in the District Court of Brewster County, Texas, in which final judgment was had, and are suing for damages resulting from the wrongful issuance of said injunction.

Both plaintiffs and defendant filed motion for summary judgment. Defendant's motion for summary judgment was overruled, and the court in its order stated that plaintiffs' motion was also overruled. However, the order did go ahead and grant a summary judgment to the effect that all issues pertaining to matters as to the issuance of a temporary restraining order have been adjudicated and should not be re-litigated, and that there remained to be tried only the issue pertaining to damages, if any, accruing and arising between the time of the issuance of said temporary restraining order and its dissolution. Defendant duly excepted and has appealed from said summary judgment.

The appellees (plaintiffs below) filed a motion to dismiss the appeal on the ground that the order entered by the court below is not a final judgment, and is not an appealable judgment. It is our opinion that the appellees are correct.

Rule 166–A, Texas Rules of Civil Procedure provides for the very procedure that was had here. Paragraph (a) of said Rule provides that either party may move for summary judgment in his favor for all or any part of his cause of action, and further provides that a summary judgment, interlocutory in character, may be entered on the issue of liability alone, although there is a genuine issue as to the matter of damages. Subsection (d) of said Rule provides that where a case is not fully adjudicated, on such motion the court may specify those facts that appear without substantial controversy, and may direct such further proceedings in the action as are just. Of course such an order as entered in the case below is an interlocutory order and no appeal lies from an interlocutory order unless provided by law. Rule 166–A does not provide for any such appeal.

In the notes of Federal Advisory Committee on amended Rule 56, Federal, page 481, V.A.T.R.C.P., there is a discussion as to what is meant by partial summary judg-

ment and whether or not it is appealable. Such discussion and the cases there cited seem to hold that a summary judgment of the character we have before us was not a final judgment, and is not appealable.

We therefore grant the motion and dismiss the appeal.