**CITY OF SAN ANTONIO et al.,**
Appellants,

v.

**Atilano S. CASTILLO, Appellee.**

**CITY OF SAN ANTONIO et al.,**
Appellants,

v.

**Ernest P. KNEUPPER, Appellee.**

Nos. 12993, 12994.

Court of Civil Appeals of Texas.

San Antonio.

Dec. 7, 1955.

Carlos C. Cadena, City Atty., Frank D. Masters, Asst. City Atty., San Antonio, for appellants.

Adrian A. Spears, San Antonio, for appellees.

W. O. MURRAY, Chief Justice.

Appellee in Cause No. 12993 has filed a motion to dismiss the appeal because the order from which the appeal is attempted is an interlocutory order and not a final judgment, and the appellee in Cause No. 12994 has filed a like motion. The order appealed from in each case is exactly the same, insofar as the questions here raised are concerned, and will be discussed together.

Both of these orders were rendered upon a motion for summary judgment and both attempt to dispose of all issues except that of "laches" and that issue is expertly

reserved to be passed upon by a jury. Each order contains this language: "It is further ordered that this is not to be considered as a final judgment, but is interlocutory only, and the final judgment herein shall not be entered until such time as the issue of laches is resolved." No clearer language could have been used to state that the trial judge did not intend to render a final judgment. Even if this language had not been used, the judgments would have shown on their faces that they were not final judgments, in that they did not dispose of all matters in controversy.

Art. 2249, Vernon's Ann.Civ.Stats., provides in part that "An appeal or Writ of Error may be taken * * * from every final judgment of the district court in civil cases * * *."

In Grodhaus v. Dimerling, Tex.Civ.App., 259 S.W.2d 350, 352, the following language from 3 Tex.Jur. § 54 defining the term "final judgment" was quoted with approval:

"'Generally speaking for purposes of appeal a final judgment is one that determines the whole matter in litigation as to all the parties, awards the judicial consequences which the law attaches to the facts. * * * Conversely a judgment is not final if it fails to dispose of all parties, all issues, and the entire subject matter of the litigation, as completely as the power of the court permits, or if it leaves open for future determination some issue of law or fact essential to the determination of the controversy, * * *. On the other hand a judgment is not final when it does not affect the rights of the defendant, or when the court expressly retains the cause on the docket and holds the judgment open for the disposition of certain reserved matters. * * *.'"

An application was made to the Supreme Court for a writ of error. The Supreme Court agreed with the Court of Civil Appeals as to its holdings but reversed and remanded the cause to the Court of Civil

Appeals so that its judgment could be changed from one of reversal and remand to one dismissing the appeal. Dimerling v. Grodhaus, 152 Tex. 548, 261 S.W.2d 561. In the Grodhaus case the issue not disposed of was that of "limitation", here it is the very similar issue of "laches."

In Gallaher v. City Transp. Co. of Dallas, Tex.Civ.App., 262 S.W.2d 807, the order from which the appeal was attempted, was rendered upon a motion for summary judgment and the order disposed of the matters in controversy as to one defendant but not as to the others. The El Paso Court of Civil Appeals, speaking through Fraser, Justice, held that the judgment was not a final one and ordered the appeal dismissed. There was a dissent in the case by McGill, Justice, presenting the contention that the holding of the majority was in conflict with Richards v. Smith, Tex.Civ.App., 239 S.W.2d 724, and Dunn v. Tillman, Tex.Civ.App., 255 S.W.2d 933. An application for a writ of error was made to the Supreme Court which was by that Court "Refused" thus giving the Supreme Court's strongest endorsement to the majority opinion.

In Audi Vision, Inc., v. RCA Mfg. Co., 2 Cir., 136 F.2d 621, 625, 147 A.L.R. 574, the Court said:

"If the district court will take care in cases such as this to make it clear that its order is of the pretrial type as authorized under these rules, the parties will then more fully recognize their rights and the court will have retained full power, as it should, to make one complete adjudication on all aspects of the case when the proper time arrives."

In the case at bar the trial judge has done exactly what was suggested by the Federal Court in the above opinion. In this connection our State rules governing these matters are very similar to the Federal rules. Texas Rules of Civil Procedure, rule 166–A(d) is identical with Federal Rules of Civil Procedure rule 56(d), 28 U.S.C.A., and Texas Rule 166 is almost identical with Federal Rule 16.

■ Where an appeal is taken from a judgment or decree which is not final, the Court of Civil Appeals is without jurisdiction for any purpose except to enter an order of dismissal. Bowen v. Grayum, Tex. Civ.App., 150 S.W. 472; Dimerling v. Grodhaus, supra.

We have considered the authorities cited by appellants in reply to appellees' motions but do not consider them in point here.

■ For the reasons above stated the attempted appeals in both cases are dismissed.