**D. M. BRYANT et al., Appellants,**

v.

**CITY OF AUSTIN, Appellee.**

No. 10390.

Court of Civil Appeals of Texas.

Austin.

May 2, 1956.

Rehearing Denied May 23, 1956.

Tisinger & Sloan, R. Sam Rea, Austin, for appellant.

Doren R. Eskew, City Atty., Thomas P. de Steiguer, Robert Joseph Potts, Jr., and Clifton E. Speir, Asst. City Attys., Austin, for appellee.

ARCHER, Chief Justice.

This is an appeal from an order of the county court granting a summary judgment only as to a part of the issues in this cause.

The order is as follows:

"Be it remembered that on the 19th day of September, 1955, came on to be heard the Petitioner's Motion for Summary Judgment and came Defendants with leave of Court and filed Defendants' Answer to Petitioner's Motion for Summary Judgment, to the filing of which Petitioner objected but the Court overruled such objections and Petitioner excepted to such ruling of the Court, whereupon the Court continued said hearing until the 22nd day of September, 1955, and on said 22nd day of September came on to be heard Petitioner's Motion for Summary Judgment and Defendants' Answer to Petitioner's Motion for Summary Judgment in the above entitled and numbered cause wherein the City of Austin is Petitioner and D. M. Bryant and wife, Ollie M. Bryant, are Defendants, and it appearing to the Court that such Motion has been made in the proper form and time, that proper service thereof has been made and that the parties are before the Court for hearing thereon, and on Defendants' Answer thereto; and it further appearing that the Motion is accompanied by affidavits and that opposing affidavits have been served and are before the Court; and the Court having considered the pleadings and affidavits and statements of counsel, and finding that there is an absence of any genuine issue of any material fact concerning the authority of Petitioner, City of Austin, to condemn the land de-

scribed in the petition herein; that there is an absence of any genuine issue of any material fact concerning the necessity of Petitioner, City of Austin, to condemn said land; and that there is an absence of any genuine issue of any material fact concerning the fact that bona fide negotiations were made by Petitioner, City of Austin, with Defendants, D. M. Bryant and Ollie M. Bryant, to purchase the real property described in the petition herein, prior to the filing of this cause; and the Court further finding that the sole remaining issue of material fact actually and in good faith controverted in this cause concerns the issue as to the amount of damages the Defendants are entitled to by reason of the condemning of the land described in the petition herein.

"It is accordingly specified that there is no substantial controversy as to the following issues:

"(1) The authority of Petitioner, City of Austin, to condemn fee simple title to the real property described in petition herein;

"(2) The necessity of Petitioner, City of Austin, to acquire fee simple title to the real property described in petition herein for the public purposes set out therein;

"(3) The good faith effort of Petitioner, City of Austin, prior to the filing of its petition herein to negotiate with Defendants, D. M. Bryant and Ollie M. Bryant, in an attempt to agree on Defendants' damages for all the land described in Petitioner's petition.

"It is therefore ordered, adjudged, and decreed that Petitioner's Motion for Summary Judgment as to said issues is granted and that this cause proceed to trial upon the sole remaining issue of the amount of damages to which Defendants are justly entitled."

Appellants filed a motion to withdraw the money deposited by the city to obtain possession of the property and did withdraw the deposit in the sum of $78,250.

Appellants assign as error the action of the court in granting the motion for summary judgment because the court was without jurisdiction to hear the suit, and that this Court has jurisdiction to hear the appeal because the issues have been severed and nowhere in appellee's motion for summary judgment is the authority of the city to take the property shown or a necessity therefor or a showing of good faith of the negotiations for the purchase of the property.

Appellee has made a counterpoint that a summary judgment which only disposes of a part of the issues is an interlocutory order, is not a final judgment, and is not appealable. We do not believe that the judgment is final, but is an interlocutory order.

Rule 166–A, T.R.C.P., is the authority for summary judgment practice in our courts.

This rule has been construed in many cases and we see no occasion to attempt to again construe the rule, but cite the rule itself; Federal Rule No. 56, 28 U.S.C.A., with cases beginning with Henderson v. Shell Oil Co., Inc., 143 Tex. 142, 182 S.W. 2d 994; United States v. Richardson, 5 Cir., 204 F.2d 552; Gallaher v. City Transport Co. of Dallas, Tex.Civ.App., 262 S.W. 2d 807, err. ref.; Cedar Hill Memorial Cemetery Association v. Storie, Tex.Civ.App., 281 S.W.2d 144, er. ref., N.R.E.; City of San Antonio v. Castillo (City of San Antonio v. Kneupper), Tex.Civ.App., 1955, 285 S.W.2d 835; Minchen v. Murrah, Tex. Civ.App., 285 S.W.2d 372, err. ref.

Since the appeal is taken from a judgment or decree which is not final we are without jurisdiction for any purpose except to enter an order of dismissal.

For the reasons above stated the attempted appeal is dismissed.

Dismissed.