Walter HANDLIN et ux., Appellants,

v.

James F. STUCKEY, Appellee.

No. 3384.

Court of Civil Appeals of Texas.

Waco.

Nov. 1, 1956.

Edgar L. Smith, Albert Reagan, Dallas, for appellants.

John J. Fisher, David C. McCord, Dallas, for appellee.

TIREY, Justice.

This is a suit for damages resulting from an automobile collision. Plaintiff grounded his cause of action upon the negligence of the driver of appellants' car, and the allegations with reference thereto are as follows:

"That on or about November 20, 1954, plaintiff was the owner of a 1950 Ford automobile and on such date said automobile was being driven by Charles Stuckey along Lamar Street in the City of Dallas, being then and there a public street of said city. Defendant, Walter Handlin, or defendants were on said date the owners of an automobile which was at the time aforesaid passing over Lamar Street in the City of Dallas, Texas, and was being driven by defendant, Betty Handlin,

with the consent and at the instructions of defendant, Walter Handlin, and for the furtherance and business of defendant, Walter Handlin. Defendant, by failing to keep a proper lookout, failing to yield right of way, and failing to keep her automobile under proper control so carelessly drove and managed said automobile that by reason and as a direct and proximate result of such negligence the said automobile was struck by plaintiff's automobile"

and alleged that he suffered damages of the reasonable cash market value in the sum of $600. In the alternative he alleged that he incurred expense in repairing his automobile in the sum of $406.36 and that the charges therefor were reasonable. He prayed for damages in the sum of $600, or in the alternative for $406.36.

Appellants filed general denial and cross-action, and in their cross-action alleged substantially that on the evening of November 20, 1954, Betty Handlin was driving a 1951 Chevrolet automobile in a northerly direction on South Lamar Street in the City of Dallas and that said car at the time was owned by the cross-plaintiffs; that while proceeding in a lawful manner and with due caution cross-plaintiff Betty Handlin reached the intersection of South Lamar and Bannock Streets, and while keeping a due lookout and exercising proper caution the driver of plaintiffs' car attempted to turn west and in a westerly direction on Bannock Street, whereupon and at such intersection cross-plaintiff's car was struck by another automobile then being driven and operated by Charles Vernon Stuckey, but owned by James F. Stuckey, said car being on said occasion driven with the full knowledge and consent of James F. Stuckey, and that as a direct and proximate result of said collision cross-plaintiffs' automobile was damaged to the extent of $394.86.

As specific grounds of negligence and cause they alleged:

"(a) Cross defendant J. F. Stuckey was negligent in allowing defendant Charles Vernon Stuckey to drive his car, the said James F. Stuckey then knowing that said Charles Vernon Stuckey, his son, was an unsafe and irresponsible driver of an automobile.

"(b) Defendant Charles Vernon Stuckey was negligent on said occassion in driving the car of his father at a high and reckless rate of speed, in excess of 75 miles per hour, in violation both of the laws of the State of Texas, and of the ordinances of the City of Dallas; in failing to keep a proper lookout for vehicles approaching him or in his path."

Cross-plaintiffs prayed for appropriate relief.

At the conclusion of the evidence the trial court overruled defendants' motion for instructed verdict and submitted the cause to the jury. The transcript does not show the charge given by the court, nor does it show any exceptions or objections thereto, nor is there any complaint to the charge in the amended motion for new trial. The judgment entered by the trial court contains this recital: * * * and came a jury of six good and lawful men, who, being duly impaneled and sworn and having heard the pleadings, the evidence and the argument of counsel, on their oaths do, for their verdict, say, in response to the charge, 'We the jury find for the plaintiff, James F. Stuckey, in the amount of $400.00', and the court having received such verdict, which was thereupon filed and entered of record in the minutes of the court, and being of the opinion that judgment should be accordingly rendered for the plaintiff * * *" and decreed that James F. Stuckey recover from defendants Walter Handlin and wife, Betty Handlin, the sum of $400, with legal interest and costs. The decree makes no disposition of the cross-action asserted by appellants against appellee.

This court in Booth v. Amicable Life Insurance Co., 143 S.W.2d 836, 838, points 3–4, held that "It is elementary that only one final judgment shall be rendered in any cause, except where it is otherwise specially provided by law. * * * It has been repeatedly held that the test of whether a judgment is final so as to be appealable, is whether it disposes of the whole matter in controversy as to all of the parties." (Citing a long list of cases.) In Gallaher v. City Transportation Co. of Dallas, Tex.Civ.App., 262 S.W.2d 807, point 1, at page 808, er. ref., we find this statement: "It is elementary, of course, that a judgment to be final must dispose of all issues and all parties." (Citing cases.) In Myers v. Smitherman, 279 S.W.2d 173 (no writ history), our San Antonio Court pointed out that the jurisdiction of the Court of Civil Appeals is controlled by constitutional and statutory provisions and cites Article 5, § 6 of the Constitution, Vernon's Ann.St. and Art. 1819, Vernon's Ann. Civ.St., and commenting thereon, stated that "[I]t is well settled that unless otherwise specially provided by law a judgment must be final in order to be appealable." Rule 301, Texas Rules of Civil Procedure, did not change the provisions of the statute controlling with reference to the above matter and it has been uniformly interpreted since its adoption in accord with the previous holdings of our courts regarding Art. 2211, V.A.C.S. See Vol. 24, Texas Digest, Judgment, 217 for collation of authorities.

Since the judgment shows upon its face that it did not dispose of the cross-action asserted by appellants against appellee, under the foregoing authorities this court did not acquire jurisdiction of the cause and it must be dismissed.

Accordingly, the appeal is dismissed.

HALE, J., took no part in the consideration and disposition of this case.