Frances HILL et vir, Appellants,

v.

Gus D. WHEAT et ux., Appellees.

No. 13246.

Court of Civil Appeals of Texas.

San Antonio.

July 31, 1957.

Brian Montague, Del Rio, Snodgrass & Smith, and Frank W. Rose, Jr., San Angelo, for appellants.

House, Mercer & House, San Antonio, Sam A. Hough, Jr., Rocksprings, for appellees.

BARROW, Justice.

This action was brought by appellees against appellant and involves, among other things, the title to certain lands which passed under the will of Ira L. Wheat, who died in February, 1935, and which will has been duly probated. The appellees seek a declaratory judgment adjudging that said will devised to said Gus D. Wheat a fee simple title to said lands. On the other hand, appellants contend that the will devised only a life estate to appellee Gus D. Wheat, with remainder to his children, one of whom is Frances Hill. The suit also involves the title to certain delay rentals accrued and to accrue under an oil, gas and mineral lease on said land in favor of Stanolind Oil and Gas Company.

The appellees filed and presented a motion for summary judgment, which if sustained would have disposed of the entire case. The trial court overruled said motion, but took no action thereon, as provided for in Subdivision (d) of Rule 166-A, Texas Rules of Civil Procedure. Thereafter appellees filed and presented their motion for partial summary judgment. By this motion they sought to have appellee Gus D. Wheat adjudged to be the owner of all past and future delay rentals paid and to be paid under said lease. The trial court sustained this motion and ordered that the delay rentals accrued and to accrue during the life of Gus D. Wheat be paid to him. The court, however, declined at this time to make a decision as to any delay rentals to accrue after the death of Gus D. Wheat. From this partial summary judgment appellants have prosecuted this appeal.

Appellees seek, by motion, to have this appeal dismissed on the ground that the partial summary judgment appealed from is not a final judgment and therefore not appealable to this Court. Appellants have countered by motion to dismiss appellees' motion. We agree with appellees' motion to the effect that the partial summary judgment is not appealable.

In order for a judgment to be appealable it must be a final judgment, Handlin v. Stuckey, Tex.Civ.Apv., 295 S.W.2d 463; Gallaher v. City Transp. Co. of Dallas, Tex.Civ.App., 262 S.W.2d 807, writ refused, and in order for a judgment to be final it must dispose of all parties and all issues in the case, or the whole matter in controversy. Handlin v. Stuckey, supra; Bryant v. City of Austin, Tex.Civ.App., 290 S.W.2d 567, wr. ref. n. r. e; Gallaher v. City Transp. Co. of Dallas, supra. This Court in the opinion by Justice Norvell in Myers v. Smitherman, 279 S.W.2d 173, 174, held that the jurisdiction of the Court of Civil Appeals is controlled by constitutional and statutory provisions, i. e., Article 5, Sec. 6, of the Constitution, Vernon's Ann.St., and Article 1819, Vernon's Ann.Civ.Stats., and commenting thereon stated, that "It is well settled that unless otherwise specially provided by law, a judgment must be final in order to be appealable." Neither Rule 166–A, nor Rule 301, T.R.C.P., has made any change in the rule governing such matters as it has been consistently interpreted by the decisions. Rule 166–A, Subdivision (d), expressly sets out the procedure to be followed whenever the case is not fully adjudicated on motion for summary judgment.

It is obvious that the partial summary judgment here considered does not finally dispose of any of the parties, nor does it adjudicate all of the issues between the parties. Hence this Court is without jurisdiction for any purpose, except to enter an order of dismissal. City of San Antonio v. Castillo, Tex.Civ.App., 285 S.W.2d 835, 837; Grodhaus v. Dimerling, Tex.Civ.App., 259 S.W.2d 350, 352; Bowen v. Grayum, Tex.Civ.App., 150 S.W. 472.

For the reasons above stated, appellees' motion is sustained and the attempted appeal dismissed.