**Romulo A. MUNGUIA et ux., Appellants,**

v.

**Manuel T. PAIZ, Appellee.**

**No. 14424.**

Court of Civil Appeals of Texas.

San Antonio.

Nov. 17, 1965.

Henry Beltran, San Antonio, for appellants.

George C. Reed, San Antonio, for appellee.

CADENA, Justice.

Romulo A. Munguia and wife, Nelda Marie Munguia, defendants below, appeal from the rendition of a summary judgment against them in favor of Manuel T. Paiz, plaintiff below.

Plaintiff's petition, after alleging a cause of action in trespass to try title, alleged that defendants had been in unlawful possession of the land in question for a period of five months. After alleging that the reasonable rental value of such land for the five-month period was $350.00, plaintiff prayed that he have judgment for the title and possession of the land and for recovery of the rental value of the premises.

After defendants had filed a statutory plea of "not guilty" plaintiff filed his motion for summary judgment, which contended that the pleadings, and the affidavits filed in support of his motion, showed "that except as to the amount of damages, there is no genuine issue as to any material fact and that this plaintiff, the moving party, is entitled to a judgment for full recovery of title and possession" as a matter of law. The prayer was for summary judgment "for title and possession."

After defendants had filed their answer to this action, with supporting affidavits, and plaintiff had replied to such answer, a hearing was had on plaintiff's motion. The trial court then entered an order reciting that the pleadings and supporting affidavits "show an absence of genuine issue of any material fact, except as to the amount of damages, and that the summary judgment should be rendered for Plaintiff, Manuel T. Paiz * * *." The court "accordingly ORDERED, ADJUDGED and DECREED that Plaintiff, Manuel T. Paiz, do have and recover of the Defendant, the title and possession of the premises" in question, "together with costs expended herein by Plaintiff, and his writ of restitution."

The judgment appealed from does not dispose of all of the issues made by the pleadings, since it makes no determination with respect to plaintiff's prayer for recovery of the sum of $350.00 as the rental value of the premises. Plaintiff's motion, as well as the order of the trial court, expressly recognizes that an issue of fact exists in connection with this portion of the relief sought by plaintiff. Even if it be assumed that the issues undisposed of by the court's order are independent and severable from plaintiff's cause of action for recovery of title and possession of the land, the order in this case is not appealable in the absence of a severance ordered by the trial court. Pierce v. Reynolds, 160 Tex. 198, 329 S.W. 2d 76 (1959); Pan American Petroleum Corp. v. Texas Pacific Coal & Oil Co., 159 Tex. 550, 324 S.W.2d 200 (1959). There is nothing in the record to suggest that plaintiff has abandoned his prayer for rentals.

Since the judgment does not dispose of all matters involved in the suit, it lacks finality and is not appealable.

The appeal is dismissed.