UNITED SERVICES AUTOMOBILE ASSOCIATION, Appellant,

v.

Linda EBERLY et al., Appellees.

No. 212.

Court of Civil Appeals of Texas.

Corpus Christi.

Feb. 24, 1966.

Lee Mahoney, of Mahoney, Shaffer & Hatch, Corpus Christi, for appellant.

Pat Morris, of Cohn & Morris, Corpus Christi, for appellees.

GREEN, Chief Justice.

Appellees have filed a motion to dismiss this appeal, alleging that the order appealed from is not a final judgment, since it does not dispose of the damage issues. We sustain said motion, and order the appeal dismissed.

On August 4, 1963, according to appellees' petition, they were riding as passengers in an automobile owned and driven by one Warren Robert Able, when such car was in collision with another vehicle, causing severe damages to plaintiffs in a sum in excess of $10,000.00 to each. This suit, originally brought by appellees against appellant and other defendants, sought a declaratory judgment that appellees (plaintiffs) are "insureds" within the meaning of, and are covered by, a policy of insurance and an "uninsured motorist" rider thereto issued by appellant to Able; that such policy and rider were in full force and effect on the day of the collision; that the collision was with an "uninsured automobile" within the meaning of the "uninsured motorist" rider; that appellant is liable to each plaintiff for her damages to the extent of the limits of liability as described in the policy; and prayed that each plaintiff "recover judgment of and from Defendant United Services Automobile Association for her injuries and damages suffered as a result of said collision."

The petition sought recovery, in the alternative, against other named defendants.

The cause of action alleged against this appellant was severed, on motion of appellees, from all other claims, cross-claims, and causes of action alleged in the pleadings, and upon hearing appellees' motion for partial summary judgment "for all of the relief sought against said Defendant (appellant) in Plaintiff's Original Petition, except as to the amount of damages" was granted. Appellees admitted in their motion that an issue of fact existed as to the amount of damages.

It is from this order that appellant appeals. Although we believe that better form would have been for the court's order to have set out specifically the relief granted, that point is not now before us.

Rule 166–A provides among other things that "a summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to amount of damages." Such order is, as stated in the rule, interlocutory, and is not appealable. Minchen v. Murrah, Tex.Civ.App., 285 S.W.2d 372, writ ref.; Hill v. Wheat, Tex. Civ.App., 304 S.W.2d 599; Mungia v. Paiz, Tex.Civ.App., 397 S.W.2d 101; Angerstein v. Angerstein, Tex.Civ.App., 389 S.W.2d 519. Also see Joseph v. City of Ranger, Tex.Civ.App., 188 S.W.2d 1013, writ ref. w. m.

In the severed cause of action between appellees and appellant, plaintiffs' petition expressly sought recovery for money damages. This issue was not disposed of by the order of the court. Such order therefore was not a final judgment, and this Court is without jurisdiction to entertain the appeal. Palmer v. D. O. K. K. Benevolent and Insurance Ass'n, 160 Tex. 513, 334 S.W.2d 149.

The appeal is dismissed without prejudice to the rights of appellant to assert on any subsequent appeal from a final judgment in this cause its objections and exceptions to the interlocutory summary judgment entered by the trial court.

NYE, J., not sitting.