**COASTAL STATES CRUDE GATHERING COMPANY, Appellant,**

v.

**Margaret E. STRAUCH, Appellee.**

**No. 265.**

Court of Civil Appeals of Texas.

Corpus Christi.

Jan. 26, 1967.

Bernard W. Schrader and W. T. Blackburn, Corpus Christi, for appellant.

George Strauch, Houston, for appellee.

OPINION

GREEN, Chief Justice.

Appellee sued for $1,400.00 damages for a continuing trespass caused by the alleged unlawful construction by appellant of a pipeline on her property, and for a declaration by the court that a pipeline easement owned by appellant does not authorize the construction of additional pipelines thereon. A motion for summary judgment was filed by each party. Appellant sought to have certain multiple line rights which were set out in its easement deed declared valid. Appellee, alleging that except as to the amount of damages there is no genuine issue of any material fact, sought judgment establishing her claim for continuing trespass, and for a declaration that appellant has no right to install additional pipelines on her property, and asked that the question of the extent of her damages be left for a later trial.

The court entered its order overruling appellant's motion, and granting what the

court expressly designated as plaintiff's "motion for a partial summary judgment." Such order disposed of all matters in controversy except the amount of damages caused by the trespass, which issue was left for a later trial. No order of severance was entered. Since the judgment did not dispose of all issues in the pending suit, it is not a final judgment and this court is without jurisdiction to review it. McCauley v. Consolidated Underwriters, 157 Tex. 475, 304 S.W.2d 265; Palmer v. D. O. K. K. Benevolent and Insurance Association, 160 Tex. 513, 334 S.W.2d 149.

A partial summary judgment determining the liability issues favorably to plaintiff, but leaving for trial only the issue pertaining to damages, if any, was held by the El Paso Court of Civil Appeals to be an interlocutory non-appealable order, and the appeal was dismissed, in Minchen v. Murrah, Tex.Civ.App., 285 S.W.2d 372, writ refused.

A similar situation was before this court in United Services Automobile Association v. Eberly, Tex.Civ.App., 399 S.W.2d 886, n. w. h. The appeal was from a partial summary judgment granting plaintiff all of the relief sought against the defendant except that the issue of the amount of damages was not disposed of. There was no order of severance. We held such to be an interlocutory non-appealable order, and dismissed the appeal.

■ In Iley v. Hughes, 158 Tex. 362, 311 S.W.2d 648, 85 A.L.R. 1, it was held that Rule 174(b), Texas Rules of Civil Procedure does not authorize a separate trial of the damage issues and the liability issues in a suit for damages for personal injuries. There is no reason to believe that the same rule of law would not also apply to a suit for damages to land. However, Rule 166–A(a) provides that "A summary judgment, *interlocutory in character*,[1] may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages." This rule and the interlocutory character of the summary judgment rendered when it is applied is recognized in Iley. Of course a summary judgment that a defendant is *not* liable to plaintiff would be a final, appealable judgment, for it would dispose of all issues and no damage issues would remain to be decided.

The Court of Civil Appeals in Steeple Oil and Gas Corporation et al v. Amend, 392 S.W.2d 744, took jurisdiction of and acted upon an appealed case where the trial court had granted a partial summary judgment on all issues except the reasonable value and/or reasonable rental value of appellant's gas well equipment. According to the opinion, the latter issue was severed from the primary cause of action and was not involved in the appeal. Writ of error was granted by the Supreme Court, and that court in a per curiam opinion reported same style in 394 S.W.2d 789 said:

"Petitioners have attempted to appeal from a partial summary judgment without a severance of the other issues between the parties. Since the judgment is interlocutory and not appealable, under our holding in Pan American Petroleum Corporation v. Texas Pacific Coal & Oil Company, 159 Tex. 550, 324 S.W.2d 200 (1959), neither this Court nor the Court of Civil Appeals has power to review it. We accordingly reverse the judgment of the Court of Civil Appeals and dismiss the appeal. McCauley v. Consolidated Underwriters, 157 Tex. 475, 304 S.W.2d 265 (1957)."

Appellant cites the case of Tobin v. Garcia, 159 Tex. 58, 316 S.W.2d 396 as holding that when both parties file motions for summary judgment and one motion is granted the trial court's judgment becomes final and appealable, and on appeal the Court of Civil Appeals should determine all questions presented; and if reversible error is found the court should render such judgment as the trial court should have rendered.

---

1. Emphasis added.

The Supreme Court did in fact so hold in Tobin and also in Gulf, Colorado & Santa Fe Railway Co. v. McBride, 159 Tex. 442, 322 S.W.2d 492, in both of which cases the appellate courts had jurisdiction by reason of the appeal being taken from a final, complete summary judgment disposing of all issues before the trial court. Because the appellate courts had jurisdiction of the appeal from the order granting a final summary judgment, it was held that the appellate courts had jurisdiction over all matters on appeal in each case, including power to pass upon the order overruling appellant's motion when the court found error in the order granting appellee's motion.

 Tobin v. Garcia, supra, and Gulf Colorado & Santa Fe Railway Co. v. McBride, supra, are not applicable to the instant appeal, since here there is no final order which will give this court jurisdiction.

Appellant in its supplemental brief cites the case of Phillips Petroleum Company v. Lovell, Tex.Civ.App., 392 S.W.2d 748, writ ref. n. r. e., as authority for this court having jurisdiction of this appeal. A review of the transcript filed in the Amarillo Court of Civil Appeals in that case, and which we have before us, reveals that the trial court in its judgment expressly ordered "that the issue of damages to Plaintiff's property be docketed and set as a separate issue and claim before this Court and that it be tried as a separate cause." The appealability of a judgment is not made to turn upon whether the action is severable; the order of severance may be subject to being set aside on appeal, but until this is done such order effectively separates the controversy into two causes, and a judgment which fully adjudicates one of the severed causes is appealable. Pierce v. Reynolds, Tex.Sup.Ct., 329 S.W.2d 76; Appellate Procedure in Texas, § 2.8 (3), Severance. The judgment in Phillips Petroleum Company, supra, was therefore appealable.

In the absence of an order of severance, the judgment in the instant case is interlocutory and non-appealable, and we have no choice but to dismiss the appeal. Steeple Oil and Gas Corporation v. Amend, Tex.Sup.Ct., supra; Pan American Petroleum Corporation v. Texas Pacific Coal & Oil Company, Tex.Sup.Ct., supra; Munguia v. Paiz, Tex.Civ.App., 397 S.W.2d 101, n. w. h.; United Services Automobile Association v. Eberly, Tex.Civ.App. supra; Nichols v. Omega Amusement Company, Tex.Civ.App., 391 S.W.2d 754, n. w. h.; Sears v. Mund Boilers, Inc., et al, Tex.Civ. App., 328 S.W.2d 199, writ ref.; Minchen v. Murrah, Tex.Civ.App., supra.

Appeal dismissed.