**GONZALES MOTOR COMPANY et al.,**
**Appellants,**

v.

**James D. CAIN, Appellee.**

**No. 672.**

Court of Civil Appeals of Texas,
Corpus Christi.

Jan. 27, 1972.

Houston Munson, Gonzales, for appellants.

E. P. Slater, Luling, for appellee.

## OPINION

BISSETT, Justice.

This is a summary judgment case. On July 20, 1970, Gonzales Motor Company sued James D. Cain to recover the balance due on a promissory note theretofore executed by James D. Cain, and to foreclose a chattel mortgage lien on a tractor and front-end loader given by Mr. Cain as security for the payment of the note. On the same day, Gonzales Motor Company caused a writ of sequestration to be issued by the District Clerk of Gonzales County, whereby it was ordered that "One Ford Tractor and Front End Loader" be taken into possession and to "keep the same subject to the further order of the court, unless the same is replevied according to the provisions of law and the Texas Rules of Civil Procedure". The Sheriff of Gonzales County served the writ, took possession of the property on July 20, 1970, and made due return of the writ on the same day.

Prior to appearance day, and without replevy bond or order of court, Gonzales Motor Company (who had actual possession of the property instead of the Sheriff of Gonzales County) sold the property then under sequestration at private sale to a third party, without notice to James D. Cain. Also, prior to appearance day, but after the sale of the property to the third party, payment of the sum of money claimed by Gonzales Motor Company to be due on the note was tendered by James D. Cain to the Sheriff of Gonzales County, with the request that such property then under sequestration be delivered over to him (Cain). The Sheriff was unable to make delivery of such property.

On August 7, 1970, James D. Cain filed his original answer to the petition and also filed a cross-action against Gonzales Motor Company and D. J. Brzozowski, Sheriff of Gonzales County, Texas for damages allegedly resulting from the issuance of an invalid writ of sequestration and the resulting sale of the property as already set out.

On March 1, 1971, James D. Cain filed a motion for summary judgment on his cross-action, together with his supporting affidavit. The motion was controverted by Gonzales Motor Company and by D. J. Brzozowski. Gonzales Motor Company, on April 6, 1971, over the objection of James D. Cain, took a nonsuit in the suit filed by it against James D. Cain on July 20, 1970. Consequently, subsequent to April 6, 1971, the only matters in controversy then pending before the trial court were those raised by James D. Cain's cross-action.

The trial court entered its order on August 3, 1971, whereby James D. Cain's motion for summary judgment was granted. Such order determined the liability issues in favor of James D. Cain, the movant, and disposed of all matters in controversy except the amount of damages done to the tractor and front-end loader, "together with the fruits, hire, revenue, rents, or value of its use from July 20, 1970", which were left for determination at a later date. No order of severance was entered. Since the judgment did not dispose of all issues in the pending suit (cross-action), it is not a final judgment and this Court is without jurisdiction to review it. Palmer v. D. O. K. K. Benevolent and Insurance Association, 160 Tex. 513, 334 S.W.2d 149 (1960);

**126**

McCauley v. Consolidated Underwriters, 157 Tex. 475, 304 S.W.2d 265 (1957).

In Minchen v. Murrah, 285 S.W.2d 372 (Tex.Civ.App.—El Paso 1955, writ ref'd) it was held that an order granting a summary judgment as to liability for malicious prosecution but reserving for trial the issues pertaining to damages was not a final judgment or an appealable interlocutory order.

Similar situations have been presented to this Court on two occasions. See United Services Automobile Association v. Eberly, 399 S.W.2d 886 (Tex.Civ.App.—Corpus Christi 1966, n. w. h.), and Coastal States Crude Gathering Company v. Strauch, 410 S.W.2d 945 (Tex.Civ.App.—Corpus Christi 1967, n. w. h.). In each of those cases, the plaintiff sought recovery for money damages. While the judgment entered in each case granted plaintiff all of the relief sought against the defendant, the issue on money damages was not disposed of by the summary judgment entered by the trial court. There was no order of severance. There, this Court held that the order appealed from was interlocutory and non-appealable, and the appeal was dismissed.

In the absence of an order of severance, the judgment in the case at bar is interlocutory and non-appealable. Such order was not a final judgment and this Court is without jurisdiction to entertain this appeal. Steeple Oil and Gas Corporation et al. v. Amend, 394 S.W.2d 789 (Tex.Sup. 1965); Pierce v. Reynolds, 160 Tex. 198, 329 S.W.2d 76 (1959); Pan American Petroleum Corporation v. Texas Pacific Coal & Oil Company, 159 Tex. 550, 324 S.W.2d 200 (1959); Sears v. Mund Boilers, Inc., 328 S.W.2d 199 (Tex.Civ.App.—Texarkana 1959, writ ref'd); Minchen v. Murrah, supra; Coastal States Crude Gathering Company v. Strauch, supra; Munguia v. Paiz, 397 S.W.2d 101 (Tex.Civ.App.—San Antonio 1965, n. w. h.); Nichols v. Omega Amusement Company, 391 S.W.2d 754 (Tex.Civ.App.—Dallas 1965, n. w. h.).

The appeal is dismissed.