McCORMICK OPERATING
COMPANY, Appellant,

v.

GIBSON DRILLING
COMPANY, Appellee.

No. 12–85–0148–CV.

Court of Appeals of Texas,
Tyler.

Aug. 28, 1986.
Rehearing Denied Oct. 23, 1986.

David Robertson, Longview, for appellant.

Charles H. Clark, Tyler, for appellee.

BILL BASS, Justice.

This is an appeal by McCormick Operating Company, defendant/indemnitor, from a summary judgment entered in favor of Gibson Drilling Company, plaintiff/indemnitee. McCormick contends that the court erred in rendering summary judgment because the summary judgment evidence demonstrates the existence of a genuine issue of material fact. We conclude that the summary judgment is interlocutory in nature and we are therefore without jurisdiction to consider the appeal.

Gibson contracted with McCormick to drill an oil well for McCormick. McCormick also hired George Roberts Consultants, Inc. to oversee the drilling operations. Clyde Stracener, a drilling consultant for the George Roberts firm, alleged that he was injured while on the Gibson rig supervising the drilling operations and he sued Gibson. Gibson then brought a cross-action against McCormick under the terms of the drilling agreement for "complete indemnification and/or contribution" and for reimbursement of all costs incurred in defending against Stracener's claim.

The trial court rendered summary judgment in favor of Gibson against McCormick ordering McCormick to defend Stracener's suit against Gibson and to pay "any judgment obtained herein by plaintiff, Clyde Stracener, to the extent of its insurance coverage as shown by Exhibit 'B' to the motion for summary judgment filed herein by Gibson Drilling Company." Exhibit "B" contains photocopies of several insurance policies. The court further ordered the severance of Gibson's cross-action against McCormick from Stracener's suit against Gibson "in order for this judgment to become a final judgment."

Although there are exceptions, the general rule is that a final and appealable judgment must determine the entire controversy, disposing of all the parties and issues in the case. *Wagner v. Warnasch,* 156 Tex. 334, 295 S.W.2d 890 (1956). Finality requires a determination of all the rights and liabilities of the parties which have been placed in issue. *North East Independent School Dist. v. Aldridge,* 400 S.W.2d 893 (Tex.1966). The judgment must conclude the dispute so that no further questions will arise requiring judicial determination. *Jordan v. Burbach,* 330 S.W.2d 249 (Tex. Civ. App.—El Paso 1959, writ ref'd n.r.e.). An interlocutory decree or order does not conclude the controversy, but reserves some question for future determination. A purported judgment expressly referring to an undecided issue is plainly interlocutory. *Dimerling v. Grodhaus,* 152 Tex. 548, 261 S.W.2d 561 (1953). A judgment is not final if the damages awarded are unliquidated, conditional or contingent upon the outcome of another trial. *Evans v. Young County Lumber Company,* 368 S.W.2d 783 (Tex. Civ. App. —Fort Worth 1963, err. dism'd).

The trial court, in *Hunt Oil Company v. Moore,* 639 S.W.2d 459 (Tex.1982), decreed Hunt's lease terminated, vested title in Moore, and ordered that Hunt render an accounting to Moore for the oil and gas attributable to Moore's interest. Moore was awarded costs of suit, but the judgment did not mention his claim for prejudgment interest. The Supreme Court held the judgment was not appealable because "any award of damages based on the accounting necessarily had to occur at a subsequent time" and because the judgment did not address Moore's claim for prejudgment interest.

In *United States Automobile Association v. Eberly,* 399 S.W.2d 886 (Tex. Civ. App.—Corpus Christi 1966, no writ), plaintiff sought declaratory judgment that the plaintiffs were "insureds" and the vehicle with which they collided an "uninsured automobile" within the meaning of the insurance policy issued by the defendant liability insurer. Plaintiffs also sought dam-

ages from the defendant carrier to the extent of the limits of the insurance policy that it had issued. The trial court severed the cause from other claims against other defendants and granted plaintiffs' summary judgment "for all relief sought against said defendant ... except as to amount of damages." Since plaintiffs' petition expressly sought recovery of money damages and the issue was not concluded by the judgment, the court held the judgment was interlocutory and not appealable.[1]

■ In severing the cross-action for indemnity from the underlying suit for personal injuries, the trial court expressly sought to impart finality to summary judgment. But although there has been a severance of the two causes, the judgment in the severed cause must still possess all the requisites of finality for an appeal to lie. In the instant case, the judgment orders McCormick to pay any judgment obtained by Stracener against Gibson "to the extent of its insurance coverage as shown by Exhibit 'B.'" The judgment leaves open the issue of the amount of damages, if any, due Gibson by McCormick, but conditions Gibson's recovery on the outcome of Stra-

cener's suit and also upon the extent of McCormick's insurance coverage.

■ A court may render a judgment that is final and appealable fixing the rights and liabilities of the parties, but defer its enforcement until final judgment in an ancillary or related proceeding. *Rose v. Baker*, 143 Tex. 202, 183 S.W.2d 438 (1944). This can be proper even though the scope of the recovery granted may be affected by the outcome in the related suit. *Hargrove v. Insurance Investment Corp.*, 142 Tex. 111, 176 S.W.2d 744 (1944). The judgments deemed final by the application of the previously mentioned rule have suspended the enforcement of an award of a *definite* sum pending the outcome of other allied proceedings necessary to the proper execution of the judgment.[2] On the other hand, in the case at bar, the amount, if any, of McCormick's liability remains *indefinite*, entirely unfixed, and contingent upon the outcome of the other case as well as the extent of McCormick's insurance coverage.

It has been recognized that "by various gradations, the interlocutory decree may be made to approximate the final determination, until the line of discrimination becomes so faint as not to be readily per-

1. *See also Palmer v. D.O.K.K. Benevolent and Insurance Ass'n*, 160 Tex. 513, 334 S.W.2d 149 (1960); *Campbell v. Campbell*, 550 S.W.2d 164 (Tex.Civ.App.—Austin 1977, no writ), reserving only the issue of the amount of child support; *Gonzales Motor Company v. Cain*, 476 S.W.2d 124 (Tex.Civ.App.—Corpus Christi 1972, no writ), determining liability for wrongful sequestration but leaving the amount of damages for later determination; *Moncrief v. Tate*, 561 S.W.2d 941 (Tex.Civ.App.—Fort Worth 1978, no writ), in which the decree held interlocutory order reinstatement of county employees with back pay, with the back pay due each employee to be mitigated by his actual earnings after discharge but left unresolved the amount of earnings to be applied in mitigation; *Gonzales v. Paiz*, 397 S.W.2d 101 (Tex.Civ.App.—San Antonio 1965, no writ), involving an order, held interlocutory, awarding title and possession in a trespass to try title case, but which did not dispose of plaintiff's plea for the rental value of the premises.

2. In *Hargrove*, the court gave judgment for a definite sum but ordered one-half of the amount placed in the registry of the court pending the outcome of an appeal in an associated case. The judgment further provided that the defend-

ant be given credit against the one-half kept in the court's registry for any amounts it might be required to pay upon the judgment in the other case. Similarly, in *Jamison v. City of Pearland*, 520 S.W.2d 445 (Tex.Civ.App.—Houston [1st Dist.] 1975, no writ), the city was awarded judgment for taxes, penalty, interest, costs, and attorney's fees but the enforcement of the judgment was suspended until the decision of the appeal in a related tax case. In the event a lower assessment was found proper in the companion case, the city was ordered to refund the taxes, penalty and interest referable to the improper assessment. In *Graham v. Coolidge*, 70 S.W. 231 (Tex.Civ.App.1902), the judgment determined the amount and status of the parties' claims, foreclosed a lien and directed the sale of the property but reserved the authority to postpone the sale and modify its terms and conditions. The judgment in *Graham Ref. Co. v. Graham Oil Syn.*, 262 S.W. 142 (Tex.Civ.App.—Fort Worth 1924, no writ), was held to be final although it provided that the amount awarded to the plaintiff be paid into the registry of the court to await the determination of a suit pending in the United States District Court.

ceived." *Leyhe v. McNamara,* 243 S.W. 1074, 1076 (Tex. Comm'n App. 1922).

Given the entirely contingent and uncertain character of the recovery decreed, we are of the opinion that the summary judgment herein is interlocutory and that we are therefore without jurisdiction to entertain the appeal. The appeal should be dismissed without prejudice to the rights of the parties to perfect their appeal from any final appealable judgment subsequently entered in this cause.

The appeal is dismissed.