**WILSON et al. v. CONE et al.**

**No. 4359.**

Court of Civil Appeals of Texas. El Paso.
Jan. 13, 1944.

Rehearing Denied Feb. 24, 1944.

Swaim & Swaim, of Eden, and Thomas & Thomas, of Big Spring, for appellants.

Hart Johnson and Travers Crumpton, both of Ft. Stockton, for appellees.

PRICE, Chief Justice.

This is an appeal from a judgment of the District Court of Pecos County. Plaintiffs, Mrs. Luella Wilson and others, sued Mrs. Mary Lou Hanson, Mrs. Myrtle Cato Mendell, and the Security State Bank of Pecos, to recover certain Public School Land situated in the County of Pecos. The trial was to the court without a jury, the judgment in favor of the defendants. From this judgment plaintiffs in the cause have perfected this appeal.

Mrs. Hanson will be hereinafter referred to as appellee, and the plaintiffs as appellants.

Appellants' petition was in the form of trespass to try title and also was an attack on a judgment of the District Court of Pecos County, Texas, 83rd Judicial District. Appellees answered with the stereotyped plea of not guilty; some of them plead the judgment attacked by appellants in bar as res judicata of all the issues in plaintiffs' petition, others plead it both in abatement and in bar; likewise the answer of defendants plead the three, four, five and ten years' statutes of limitation.

The judgment awarded defendant Myrtle Cato Mendell title to Section 26 of the lands in controversy and the south one-

half of Section 14. While the appeal is from the judgment as a whole, appellants do not in their brief question the judgment awarding a recovery to Mrs. Mendell.

The facts of this case are practically undisputed. This is meant in the sense that there is no conflict in the testimony, and the findings of fact made by the trial court in the judgment are not assailed.

Appellee is the surviving wife of I. O. Hanson, deceased; appellants, daughters of I. O. Hanson, deceased, by a former marriage. The Security State Bank of Pecos has a deed of trust on the property given by appellee.

I. O. Hanson died about January 1, 1925. Appellee has never remarried. Prior to his last marriage, I. O. Hanson purchased from the State, on deferred payments and on condition of settlement, the lands in controversy. He made due proof of occupancy. A short time after or before his marriage with appellee, his payments becoming delinquent, the Commissioner of the General Land Office forfeited his purchase. The purchase was not reinstated during his lifetime and he made no application to repurchase. A short time after his death appellee duly and legally qualified as the administratrix of the community estate. There was no other administration on his estate.

On February 26, 1928, appellee made application to repurchase the land in controversy, the application reciting that same was made under Chapter 94, Act approved March 19, 1925, Vernon's Ann.Civ.St. art. 5326a. The respective applications were each signed "Mrs, I. O. Hanson, applicant, wife of I. O. Hanson, deceased." On March 30, 1928, there was filed in the General Land Office a certified copy of the order of the County Court of Ward County appointing appellee community administratrix. A short time thereafter the lands were awarded to appellee, the deferred obligations being signed "Mrs. I. O. Hanson," and the cash payment required being paid with her individual funds. This purchase continued from its date to this time in good standing, and appellee has paid all interest thereon.

On the 23rd day of January, 1931, in her individual capacity and as community administratrix, appellee filed a suit in the District Court of Pecos County, 83rd Judicial District, seeking to recover from appellants the land in controversy here. The allegations were the stereotyped allegations of a petition in trespass to try title. The concluding portion of the prayer was as follows:

" * * * and for such other and further relief, both general and special, in both law and equity, to which plaintiff in her individual capacity and/or as community administratrix, is justly entitled, etc."

Appellants here were each personally cited and there filed answers. On the trial none of them appeared in person. The trial was before the court, judgment was in favor of the plaintiff (appellee here), that she recover of the defendants there (appellants here) the title and possession of the lands in controversy here.

Much of the controversy here centers around the effect of this judgment, and, even at the expense of lengthening this opinion, we here reproduce the salient features of same, omitting therefrom the description of the property, the names of the defendants and the paragraph adjudging costs:

"On this 19th day of September, 1931, came on regularly to be heard the above entitled and numbered cause, came the plaintiff in person and by attorney and all defendants having been duly cited in terms of the law herein, and having filed answer herein, further came not and otherwise wholly made default, and the plaintiff having announced ready for trial, and said defendants not further answering, the court heard the reading of plaintiff's petition, and the evidence offered by plaintiff thereunder, and the argument of counsel thereon, and the court is of the opinion, and so finds that:

"1st: That the plaintiff, Mrs. M. L. Hanson, is a widow and feme sole, and that she has so remained a widow since the death of her husband, I. O. Hanson, on or about the 2nd day of Jany. 1925.

"2nd: That all the lands described in Plaintiff's petition, were awarded by the Commissioner of the General Land Office of the State of Texas, to Mrs. I. O. Hanson, on or about April 24th, 1928, and that the plaintiff herein, Mrs. M. L. Hanson, is the same person as Mrs. I. O. Hanson.

"3rd: That the moneys paid for the said land to the State, and used in improving the same, was out of the separate and

individual funds of the said Mrs. M. L. Hanson, and that none of same was money of the Community Estate of I. O. Hanson.

"It is therefore ordered, adjudged and decreed by the court that the plaintiff, Mrs. M. L. Hanson, do have and recover of and from the defendants, * * * the title and possession of the following described lands in Pecos County, Texas, free and clear of all claims of said defendants, or any one or more of them to-wit: * * * for all of which lands and premises due writ of restitution and possession may issue in favor of plaintiff herein.

"It appearing to the court from the evidence herein that since the filing of this suit, said plaintiff has deeded and contracted to convey the above lands, therefore this above decree shall enure to the benefit of any and all heirs and assigns of the said Mrs. M. L. Hanson, and it is so ordered."

No appeal was ever perfected from this judgment.

Appellants here assail this judgment on various grounds. Appellee and her co-defendants rely on same as a prior adjudication in their favor of all the issues as to the title of these lands.

Appellants assert that the judgment is not final, in that same fails to dispose of plaintiff in her capacity as community administratrix; that same is unintelligible and adjudicates nothing; that same is shown to be fraudulent, in that a conflict between the interests of the plaintiff in her individual capacity and in her capacity as administratrix appears therefrom. The judgment is then directly attacked as voidable and sought to be set aside.

■ Insofar as the judgment is directly attacked the record fails to sustain the attack. The findings and proof fail to show that appellants were prevented by fraud, accident or mistake from urging any defense they may have had therein. This is fatal, regardless of whether or not the proof here demonstrates they had a good defense to the cause of action therein asserted.

■ It is asserted that this property on the date of the judgment was indisputably the separate property of the father of appellants. The case of McRae v. McRae, 144 S.W.2d 320, decided by this court is cited as supporting this proposition. In that case the repurchase clearly had its inception in the prior purchase. The right of repurchase was exercised by one entitled thereto. Dr. McRae was the owner of the land at the time of the forfeiture. Here, clearly, as community administratrix appellee had no right to purchase the property if same was the separate property of her husband. It indisputably appears that it was his separate property as to appellee, as same was acquired before her marriage to I. O. Hanson. She, as community administratrix, or as an individual, stood in no relation of privilege or trust in respect to his separate property. Clark v. First Nat. Bank of New Boston, Tex. Com.App., 210 S.W. 677. She stood in no relation of trust to the heirs of the separate property. In our opinion she was neither an owner nor a part owner of the land in controversy within the meaning of Arts. 5326 and 5326a, Vernon's Ann.Civ. Sts. It is a matter of grave doubt in our minds whether appellants were either owners or part owners of the land on the date of the forfeiture thereof.

In the case of Callahan v. Giles, Commissioner, 137 Tex. 571, 155 S.W.2d 793, there was involved the right of repurchase by an assignee of the surviving wife and children of a purchaser whose purchase had been forfeited for non-payment of interest. One of the grounds of denial was laches on the part of the applicant. It does not appear from the case whether at the time of the forfeiture the property was community property or otherwise. Perhaps, where the property was community, the surviving wife should have the right of repurchase under the acts of the Legislature conferring the privilege of repurchase on the owner or part owner at the time of forfeiture.

The right of repurchase is not a title. Boykin v. Southwest Texas Oil & Gas Co., Tex.Com.App., 256 S.W. 581.

That there was some doubt in the minds of the Legislature as to whether a surviving wife had the right of repurchase is evidenced by Acts of 1939, 46th Legislature, p. 702, where it was provided that a repurchase by a surviving spouse in counties with a population of not less than 6,400 nor more than 6,500 be validated. See Art. 5326g—1, Vernon's Ann.Civ.Sts.

■ Now it is undoubtedly true, in order to purchase this land, appellee represented to the Commissioner that she was the widow of I. O. Hanson. This was true. She represented she was community

administratrix of his estate. This was true. Implicit in her application was, we think, the representation that she was a duly qualified purchaser, although there was no express representation to that effect. If appellants, as heirs of their deceased father, had no right to repurchase the land, they were in no way prejudiced by the purchase thereof by appellee.

The Act of 1925 as amended did give in express terms the right of reinstatement to the heirs or legal representatives of the deceased purchaser if same was done within one year after the first day of November next after the death of such purchaser. Reinstatement and repurchase are not the same things, but are alternative privileges. Magnolia Petroleum Co. v. Walker, 125 Tex. 430, 83 S.W.2d 929.

■ The Commissioner here had the power to sell these lands. Exhibited here is at most an irregularity in the exercise of that power. In our opinion only the State may take advantage thereof unless debarred by the one-year statute. No one, unless the State, could be in any way defrauded by the sale to appellee. The State sold the land for a fair price. Callahan v. Giles, 137 Tex. 571, 155 S.W.2d 793.

In our opinion appellants had no preference right to purchase these lands. However, if the judgment in question was a final judgment, the determination of who had title to these lands prior to the date thereof is not material. That issue was tried in that case between the identical parties we have here, as to the identical lands herein involved.

■ The judgment is said to lack finality because it does not in express terms make an adjudication as to the interest of the plaintiff in her capacity as community administratrix. It is elementary, we take it, that a judgment failing to dispose of the real parties to the litigation either expressly or by necessary implication, is not final.

■ In that case appellee sued for the title and possession individually and as community administratrix. Her prayer for relief was alternative. We think the clear intent of the judgment was to award her in her individual capacity the entire subject matter of the litigation. Mrs. M. L. Hanson, by her individual name, was decreed the title to the property in controversy. The decretal portion of the judgment is preceded by a finding of fact that the money paid for the land and used in improving the same was out of her separate and individual funds. This was preceded by a finding that plaintiff was a widow and had remained so since the death of her husband, I. O. Hanson. Furthermore, the decretal part of the judgment purports to divest the defendants of any and all title and vest it in Mrs. Hanson, free and clear of all claims of the defendants (appellants here), or any one or more of them. If the recovery had been intended in her capacity as community administratrix, this would have been erroneous. The finding of fact supporting this judgment was that the land was purchased after the death of I. O. Hanson with the separate funds of Mrs. Hanson. This negatives the fact that she would have any interest in it in her trust capacity. We think the judgment, reasonably construed, awards the entire property to the plaintiff (appellee here) in her individual capacity. This being the case, by necessary implication it was an adjudication against her as community administratrix. Whitmire v. Powell, 103 Tex. 232, 125 S.W. 889; Southern Pacific Co. v. Ulmer, Tex.Com.App., 286 S.W. 193.

We think the judgment is not fraudulent upon its face. If the lands had constituted community property by reason of the purchase she had an individual interest therein and had a right to assert it. Furthermore, it is very doubtful whether appellants ever had the right to repurchase these lands. This being the case they could not have been defrauded.

■ There is no merit in the contention that the judgment is unintelligible in that it was provided in substance that it should inure to the heirs and assignees of the appellee here. It is not deemed necessary to cite precedents on the proposition that this, as a matter of law, is the legal effect of a judgment.

The judgment of the trial court was correct, and the same is in all respects affirmed.