

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

December 19, 1950

Hon. Bascom Giles, Commissioner
General Land Office
Austin, Texas

Opinion No. V-1134.

Re: Right of the State to
recover for minerals
taken from forfeited
school lands.

Dear Sir:

You have requested an opinion as to whether the State is entitled to the oil produced on school lands "during the time in which these lands stood forfeited" for nonpayment of interest and, if the State is entitled to the oil, "the portion of such oil which should be demanded from the operators of the producing wells situated on the tracts of land" forfeited.

The certificate of facts accompanying your request reflects that the land in question was originally sold under a "watered grazing" classification and forfeited for nonpayment of interest by the Commissioner of the General Land Office on April 17, 1943. Subsequently, and during the period of forfeiture, an oil and gas lease was executed without State approval, and production was obtained.

It is well settled that a forfeiture of land by the land commissioner for nonpayment of interest "restores the land to the public domain and reinvests the title in the state." Boykin v. Southwest Texas Oil & Gas Co., 256 S.W. 581 (Tex.Comm.App. 1923); Lawless v. Wright, 86 S.W. 1039 (Tex.Civ.App. 1905); Gulf Production Co. v. State, 231 S.W. 124 (Tex.Civ.App. 1921, error ref.); Houston Oil Co. of Texas v. Reese-Corriher Lumber Co., 181 S.W. 745 (Tex.Civ.App. 1915, error ref.). The right of reinstatement (Art. 5326, V.C.S.) or repurchase (Art. 5326a, V.C.S.) "is not a title." Wilson v. Cone, 179 S.W.2d 784 (Tex.Civ.App. 1944); MacRae v. MacRae, 114 S.W.2d 320 (Tex.Civ.App. 1940); Boykin v. Southwest Texas Oil & Gas Co., supra; Houston Oil Co. of Texas v. Reese-Corriher Lumber Co., supra; Lawless v. Wright, supra.

In <u>Boykin v. Southwest Texas Oil & Gas Co.</u>, <u>supra</u>, the court said:

"Under that article /Art. 5423, R.C.S. 1911, now Art. 5326, V.C.S./ the act of the land commissioner in forfeiting the purchase of land has the effect of restoring the land to the public domain of the state. The provision that 'the purchasers, or their vendees, may have their claims reinstated on their written request, by paying into the treasury the full amount of interest due on such claim up to the date of reinstatement, provided that no rights of third persons may have intervened' in no way weakens or affects the proposition that a forfeiture restores the land to the public domain and reinvests the title in the state. Lawless v. Wright, 39 Tex.Civ.App. 26, 86 S.W. 1039 (writ of error refused); Jones v. Robison, 104 Tex. 70, 133 S.W. 879. Likewise, we think the provision in chapter 160 of the Acts of the Thirty-Third Legislature that the 'owner of such land at the date of forfeiture *** shall have the right for a period of ninety days after notice of classification and appraisement of his land *** to repurchase' it, 'in no way weakens or affects the proposition that forfeiture restores the land to the public domain and reinvests the title in the state.'...

" ....

"The statute in terms gives the previous owner only the preference right to repurchase the land. It gives him no right in the land. It gives him a right, in preference to others, to acquire rights in the land--the title. From the date of forfeiture until the date of the reaward of the land to him by the state, the ownership is out of him and not in him. It is in the state." (256 S.W. at 582-583)

Since the land belongs to the State after forfeiture and before reinstatement or repurchase, the taking of minerals from the land during this period without authority from the State is actionable under Article 5325, V.C.S., which provides:

Hon. Bascom Giles, Commissioner, Page 3, V-1134.

        "If any person who has no authority or
right to do so ... removes any mineral ...
from the school land belonging to the public
free school fund, judgment shall be rendered
against the defendant in behalf of the State
in a sum of money equal to the value of the
substance so ... removed, which shall be col-
lected as under execution; and when collected,
the money shall be remitted  to the  State
Treasurer, and by him credited to the fund to
which the land belongs."

        You are therefore advised that a demand should
be made upon the operators of producing wells situated
on the tracts of land forfeited for an amount of money
equal to the value of the minerals removed without the
State's authorization during the period of forfeiture.


                          SUMMARY


        Upon forfeiture for nonpayment
of interest by the Commissioner of
the General Land Office of "watered
grazing" classified land, the title
reverts to the State.  Persons tak-
ing minerals from the land during
the period of forfeiture under a
lease executed during such period
without authority from the State are
liable to the State for the value of
the minerals taken.

                          Yours very truly,

APPROVED:                 PRICE DANIEL
                          Attorney General
H. D. Pruett, Jr.
Land Division

Charles D. Mathews      By  *Jesse P. Luton, Jr.*
First Assistant             Jesse P. Luton, Jr.
                                Assistant
JPL:pwb