## GRODHAUS et al. v. DIMERLING.
### No. 12561.

Court of Civil Appeals of Texas.
Galveston.

May 7, 1953.

Rehearing Denied June 25, 1953.

Miller & Rutta, Chas. D. Rutta, Columbus, for appellants.

G. F. Steger, Columbus, for appellee.

MONTEITH, Chief Justice.

This action was brought by appellants, Betty Beatrice Grodhaus and her husband, Leon F. Grodhaus, in regular form of trespass to try title for recovery from appellee, Harvey H. Dimerling, of the title to and possession of 42½ acres of land out of the John Prude Survey in Colorado County, Texas.

. Appellee answered by formal pleas of not guilty and general denial, and by a plea of prior possession. He filed a cross-action against appellants and W. Brooke Hamilton, who is not a party to this appeal, affirmatively claiming title to the land in controversy by virtue of his alleged record title. Appellants denied appellee's allegations and specifically pled the several statutes of limitation in bar of appellee's right to recover on his cross-action.

In a trial before a jury, appellants presented their evidence of a limitation title. Appellee presented his evidence of his record title, consisting of recorded instruments and oral testimony.

The jury was unable to reach a verdict on the one issue presented—the issue of 10 years' limitation—and was discharged by the trial court.

A motion by appellee for judgment was granted by the trial court.

The trial court found in the judgment rendered by him that the several written instruments of conveyance introduced in evidence by appellee and cross-plaintiff Harvey H. Dimerling, all of which had been recorded in the records of Colorado County, were valid and effective to convey, and that they did convey the fee simple title to said lands from the sovereignty of the soil into appellee Harvey H. Dimerling, and that he was vested with the record fee simple title to said land.

The court found that by virtue of the above instruments appellee Harvey H. Dimerling had established his record title by an unbroken chain of conveyance from the State of Texas to himself, subject to the question of whether or not the description contained in said deeds was sufficient to identify the lands intended to be conveyed.

Appellants rely for reversal upon six points of assigned error. Under point one, they contend that they, having affirmatively pled the 10-year statute of limitations in bar of appellee's right to recovery of the title and possession of the 42½ acres of land, and the jury having failed to reach a verdict, the trial court erred in rendering judgment for appellee for the title and possession to said lands without disposing of their claim of title under the 10-year statute of limitations.

Appellants claim title to the land in controversy under the 10-year statute of limitations. Appellee claims title under a record title. Therefore, regardless of whether or not two separate suits are actually involved, the fact in controversy between the parties is the title and only the title to the land. Appellants could not recover the title to the land on their cause of action without disposing of appellee's claim of record title. Neither could appellee recover title without disposing of appellants' claim of title under the limitations statute. The claims of the parties affect the same land and the same parties in both appellants' suit and appellee's cross-action. There is nothing in the nature of the case or the rights of the parties that should entitle one party or the other to a judgment without disposing of the rights of the other party. Rule 301, Texas Rules of Civil Procedure provides that only one final judgment shall be rendered in any cause except where it is otherwise specifically provided for by law. Since only one issue—that is, the title of the land—exists between the parties, there would not appear to be any exceptions under which this cause might come.

The judgment of the trial court purports to be a final judgment for appellee. The claim of title by appellants is undisposed of. The statement of facts shows that appellants' claim of title is real and not fictitious. The trial court thought well enough of appellee's claim of title to refuse appellee's motion for instructed verdict. It thought well enough of appellants' claim of title to submit the cause to the jury for determination. Yet, when the jury failed to reach a verdict, the court nevertheless rendered and entered judgment granting appellee relief on his cross-action. After judgment was rendered, appellants filed their contest and motion, setting forth fully reasons why the judgment should not stand. Without hearing, the contest and motion of appellants was overruled.

There appears to be in this action only a single controversy between the parties in the suit—that is, the title to the land.

■ The appellants' suit in trespass to try title, wherein they claim title under the statute of limitations, and the appellee's cross-action against appellants, wherein appellee claims the record title to said land, are in fact one unseverable suit. In their petition appellants claim the entire title against appellee under the statute of limitations as the basis for their claim. This, appellee controverted by his plea of not guilty and general denial. Appellee then filed his cross-action against appellants, claiming title under a deed. This, appellants, by their supplemental petition, denied, and specifically pled the statute of limitations in bar of appellee's right to recover on his cross-action. The jury's failure to reach a verdict and the subsequent action of the court in rendering judgment for appellee without disposing of appellants' claim of title, has the effect of trying only one-half of the law suit.

The trial court erred in rendering judgment for appellee for the title and posses-

sion of said land without disposing of appellants' claim of title under the 10-year statute of limitations.

Since the only controversy between the parties is for the title to the same land, and since the litigating parties are the same in the original suit and in the cross-action, we think that the court erred in rendering and entering judgment for appellee.

Under the above facts, we think that the judgment rendered by the trial court was not a final judgment from which an appeal may be taken. In 3 Tex.Juris., Sec. 53, at page 109, it is said, " * * * that unless otherwise provided by law there can ordinarily be but one final judgment in a case from which an appeal will lie. Accordingly but one judgment is permissible where a plea of reconvention is interposed or where several suits are consolidated. * * * " Sec. 54: " * * * As used in the statutes the term is said to refer only to a judgment which may become final in the sense that the trial court has no further power or jurisdiction over it. Generally speaking for purposes of appeal a final judgment is one that determines the whole matter in litigation as to all the parties, awards the judicial consequences which the law attaches to the facts. * * * Conversely a judgment is not final if it fails to dispose of all parties, all issues, and the entire subject matter of the litigation, as completely as the power of the court permits, or if it leaves open for future determination some issue of law or fact essential to the determination of the controversy, * * *. On the other hand a judgment is not final when it does not affect the rights of the defendant, or when the court expressly retains the cause on the docket and holds the judgment open for the disposition of certain reserved matters. * * * "

In the case of Fisher v. Wilson, Tex.Civ. App., 185 S.W.2d 186, affirmed 144 Tex. 53, 188 S.W.2d 150, it is said that a final judgment is one that determines the rights of all the parties to the suit and leads to a final disposition of a cause that its ministerial officers can, with certainty, carry the judgment into execution without ascertainment of additional facts, and where such is not the case, the judgment is not final.

In Lanier v. Parnell, Tex.Civ.App., 190 S.W.2d 421, it is said that a final judgment is one which awards judicial consequences which law attaches to facts and determines controversies between parties over subject matter, and it terminates litigation on merits so that nothing remains to be done but to execute it according to its terms.

In the case of City of Gilmer v. Moyer, Tex.Civ.App., 181 S.W.2d 1020, it is said that a final judgment is one which disposes of matters in controversy as to all parties to the suit.

In the case of Wilson v. Cone, Tex.Civ. App., 179 S.W.2d 784, it is said that a judgment that fails to dispose of the real parties to the litigation, either expressly or by necessary implication, is not final.

It follows from the above authorities that the judgment rendered by the trial court in this case is not final in that it does not dispose of the issues involved. Therefore the judgment must be reversed and the cause remanded to the trial court.

Reversed and remanded.