James Alfred **KIRKLAND** et al., Appellants,

v.

Beulah **MARTIN** et vir et al., Appellees.

No. 7326.

Court of Civil Appeals of Texas.

Amarillo.

Feb. 24, 1964.

Rehearing Denied March 23, 1964.

Knorpp & Slavin, Clarendon, for appellants.

Hamilton & Deaver, Memphis, for appellees.

DENTON, Chief Justice.

This suit was brought by James Alfred Kirkland, Curtis Kirkland and Lealon Kirkland against their sister, Beulah Martin, and her husband and their niece, Georgia Lee Forkner, and her husband to cancel two deeds dated March 4, 1952, and May 27, 1959, executed by their mother, Linnie Kirkland, now deceased, in favor of Beulah Martin and a deed dated December 28, 1950, executed by the said Linnie Kirkland to Georgia Lee Forkner. Plaintiffs below alleged undue influence and fraud in the procurement of these two deeds. Defendant Martin's motion for summary judgment based on estoppel by reason of a former judgment was granted by the trial court and appellants perfected this appeal.

George and Linnie Kirkland, husband and wife and parents of the Kirkland brothers and Mrs. Martin, executed a joint, mutual will on August 24, 1949. All property possessed by them was to pass to the survivor with full power to manage, sell, convey and dispose of the property given to such survivor. Upon the death of the survivor that will devised the west 25 acres

of a 100 acre farm to Mrs. Martin together with personal property located in their home situated thereon and the farm machinery. The three sons were to share equally the east 75 acres. All other property not thereby disposed of was to pass equally to the four children. On May 11, 1950, George Kirkland died and his will was probated on May 31, 1950. Linnie Kirkland executed the three deeds on the dates named above subsequent to the probate of the will. Sometime after Linnie Kirkland's death on October 13, 1961, the exact date not being shown in the record, plaintiffs filed suit in Hall County in Cause No. 4029 against Beulah Martin and her husband. This suit was pleaded in two counts: A formal trespass to try title to the two tracts of land previously deeded to Mrs. Martin; and a count seeking to cancel the two deeds on the ground of undue influence and fraud. On September 4, 1962, the trial court granted the defendants' motion for summary judgment in Cause No. 4029 and entered a take-nothing judgment against the plaintiffs on the ground they had no justiciable interest in the property described. On October 30, 1962, after the judgment in Cause No. 4029 had become final, the same plaintiffs filed Linnie Kirkland's will for probate in the County Court of Hall County and it was admitted to probate on November 12, 1962. Beulah Martin was duly appointed independent executrix of such will and after duly qualifying she listed only an undivided one-half interest in the west 25 acres of the 100 acre tract as the separate property of Linnie Kirkland in her inventory and appraisement. No appeal was taken from this judgment of the probate court. On December 18, 1962, the present case, Cause No. 4053, was filed by the plaintiffs below. This suit named Beulah Martin and husband and Georgia Lee Forkner and her husband defendants and sought cancellation of the three deeds previously mentioned. Defendant Georgia Lee Forkner and her husband filed a general denial after being personally served. On April 15, 1963, the trial court entered the judgment granting defendants Martins' mo-

tion for summary judgment denying plaintiffs any relief as to the two tracts represented by the two deeds from Linnie Kirkland to Beulah Martin.

Georgia Lee Forkner and husband, J. S. Forkner, were not made parties to the suit in Cause No. 4029 nor was the deed of December 28, 1950, to Mrs. Forkner attacked in that case. That case dealt only with the two deeds executed and delivered to Mrs. Martin. Cause No. 4053 interpleaded both Mr. and Mrs. Martin and Mr. and Mrs. Forkner and an attack was made on all three deeds to-wit: the two deeds to Mrs. Martin and the one deed to Mrs. Forkner. Defendants Martins filed a motion for summary judgment in the latter case and based their motion on estoppel by reason of a prior judgment. The Forkners simply filed a general denial. The judgment entered by the trial court in Cause No. 4053, the instant case, did not specifically or by implication dispose of the claim against defendant Georgia Lee Forkner nor was there a severance as to the claim against her.

The court's judgment, omitting portions not material here, was as follows:

"On this the 15th. day of April, 1963 came on to be heard the motion for a summary judgment, filed by the defendants Beulah Martin and Jack Martin, in the above-entitled and numbered cause wherein Alfred Kirkland, Curtis Kirkland, and Lealon Kirkland are plaintiffs, and Beulah Martin, Jack Martin, Georgia Lee Forkner and J. S. Forkner are defendants, and it appearing to the Court that such motion has been made in proper form and time * * * and the Court * * * finds that said summary judgment motion filed herein by the defendants Beulah Martin and Jack Martin is well taken and should be granted insofar as the same relates to the two tracts of land in Hall County, Texas, * * *

"It is accordingly ORDERED, ADJUDGED and DECREED by the Court

that the plaintiffs Alfred Kirkland, Curtis Kirkland, and Lealon Kirkland take nothing by their said suit, as against the defendants Beulah Martin and Jack Martin, insofar as the suit of said plaintiffs related to the two tracts of land above-described and all relief requested in said motion for a summary judgment, except insofar as it relates to *to* the two tracts of land hereinabove described, is specifically refused."

No reference whatsoever is made to the claim being asserted against the Forkners. That portion of the case is still pending in the trial court.

 It is a well-established general rule that an appeal will lie only from a final judgment and that a judgment which makes no disposition of the case as to one of several defendants, or as to some of the issues involved, either expressly or by implication, is not a final judgment from which an appeal may be taken. Rule 301, Texas Rules of Civil Procedure; Davis v. McCray Refrigerator Sales Corp., 136 Tex. 296, 150 S.W.2d 377; Hill v. Wheat, (Tex. Civ.App.), 304 S.W.2d 599.

A judgment is appealable only when it disposes of all parties or disposes of some independent severed, severable interest, issue or right. Maxfield v. Dunagan, (Tex.Civ.App.), 254 S.W.2d 150; Harris v. Superior Ins. Co., (Tex.Civ.App.), 322 S.W. 2d 665. The judgment expressly limited its disposition to the two tracts of land represented by the deeds to Beulah Martin. The controversy between appellants and Mrs. Forkner was not disposed of. The granting of the summary judgment as to the Martins did not sever the suit so as to make the trial court's action final or appealable. Pan American Petroleum Corp. v. Texas Pac. Coal & Oil Co., (Tex.Civ.App.), 320 S.W.2d 915, (Refused, NRE). The judgment was therefore interlocutory and is not appealable until the claim against Mrs. Forkner is either severed or finally determined. Gallaher v. City Transp. Co. of Dallas, (Tex.Civ. App.), 262 S.W.2d 807, (Writ Refused);

Myers v. Smitherman, (Tex.Civ.App.), 279 S.W.2d 173.

Since the record discloses that there was no final or appealable judgment this Court is without jurisdiction and it is our duty to dismiss the appeal on our own motion. C. & L. Supply Co. v. Kinnerly, (Tex.Civ.App.), 258 S.W.2d 102; Harris v. Superior Ins. Co., supra.

The appeal is dismissed.