**Annie Laurie CLABAUGH, Appellant,**

v.

**CITY OF TYLER, Texas, Appellee.**

No. 884.

Court of Civil Appeals of Texas, Tyler.

Nov. 13, 1975.

Overruled with Written Opinion Dec. 11, 1975.

Ben E. Jarvis, James R. Lewis, Tyler, for appellant.

Jack Skeen, Jr., City Atty., Tyler, for appellee.

DUNAGAN, Chief Justice.

This appeal is from a summary judgment of the 114th Judicial District Court of Smith County, Texas, granted on appellee's motion for summary judgment.

The judgment was based upon appellant's second amended original petition, her first supplemental petition; and appellee's fourth amended original answer and its mo-

tion for summary judgment, together with defendant-appellee's admissions of fact under Rule 169, T.R.C.P., and stipulations of the parties approved by the court; and together with appellant's opposition to the motion for summary judgment. Appellant, plaintiff below, sought rescission of her deed of July 14, 1965, to the City of Tyler covering 30.559 acres of her land, sought by the City for use in connection with Lake Tyler East, then under construction or shortly thereafter construction began. As ground for such relief, she alleged facts in detail in support of her claims of (1) mutual mistake; or (2) constructive fraud; and (3) duress and coercion.

At the outset this court is confronted with the question of whether there is a final judgment in this cause from which an appeal will lie. On April 30, 1974, appellee filed its first motion for summary judgment alleging, among other things, that the appellant's cause of action, if any, to annul and cancel the Deed of July 14, 1965, is barred as a matter of law because the cause of action, having not been filed until June 4, 1973, was not commenced within four years after the cause of action, if any, accured. The appellant filed her opposition to said motion for summary judgment. Thereafter she also filed her second amended original petition and her first supplemental petition. By appellant's latter pleadings she alleged generally that the appellant's deed was obtained as a result of a misrepresentation by appellee's agent. In response to appellant's latter pleadings appellee filed another motion for summary judgment on the ground that "plaintiff's second amended original petition, plaintiff's first supplemental petition and defendant's fourth amended original answer and the facts as stipulated and attached hereto show as a matter of law that plaintiff has failed to state a cause of action based upon duress and misrepresentation of material facts." Appellee's second motion for summary judgment is not shown to have been filed in lieu of its first motion. Its first motion for summary judgment was not withdrawn. It is apparent that the second motion of appellee for summary judgment was in addition to its first motion for such judgment. The first motion raised the defense of "limitations." The second motion was on the ground that appellant had not pleaded "a cause of action." The parties in writing stipulated that:

"The parties herein agree that statutes of limitations have been raised by the pleadings and controverted and further agree that the court in granting the Defendant's Motion for Summary Judgment has not done so on the basis of any statute of limitations question so raised and pleaded in that it is mutually agreed that there is a fact question not resolved should the question of limitations be reached."

The court granted appellee a summary judgment on the finding "that as a matter of law the said Motion for Summary Judgment should be granted for the reason that as a matter of law, the Plaintiff herein has failed to state a cause of action based upon duress and misrepresentation of material facts and further, the Court in making this ruling has not considered the issues based upon the statutes of limitations as to either law or fact, which have been raised by the pleadings of the Defendant herein and controverted by Plaintiff, it having been mutually agreed by the parties and approved by the Court that a fact issue as to the statutes of limitations barring the cause of action, if any, has been raised by the Defendant's pleadings and controverted by Plaintiff's pleadings and Summary Judgment evidence."

It is quite clear that the summary judgment did not dispose of all the issues. A summary judgment which does not dispose of all parties and all issues in a pending suit is not a final judgment. Such judgment is interlocutory and not appealable unless severance of that phase of the case is ordered by the trial court. In absence of severance a party against whom such interlocutory summary judgment has

been rendered will have his right of appeal when, but not before, the judgment is merged in final judgment disposing of the whole case. *Kirkland v. Martin,* 376 S.W.2d 819, 821 (Tex.Civ.App., Amarillo 1964, no writ); *Kimmel v. Lytton,* 371 S.W.2d 927 (Tex.Civ.App., Waco 1963, writ ref'd); *Pierce v. Reynolds,* 160 Tex. 198, 329 S.W.2d 76, 77 (1959); *Sears v. Mund Boilers, Inc.,* 328 S.W.2d 199, 201 (Tex.Civ.App., Texarkana 1959, writ ref'd); *Pan American Petroleum Corporation v. Texas Pacific Coal and Oil Co.,* 159 Tex. 550, 324 S.W.2d 200 (1959). We do not find in the record an order of the court severing the statute of limitations issues. The judgment was not final and was therefore interlocutory and not appealable.

Since the record discloses that there was no final or appealable judgment, this court is without jurisdiction and it is our duty to dismiss the appeal on our own motion. *Kirkland v. Martin,* supra.

For the above reasons the appeal is dismissed.

### ON MOTION FOR REHEARING

Appellant in her motion for rehearing contends that as a matter of law, upon the filing of the second motion for summary judgment by appellee, the first motion for such judgment was superseded and abandoned. Therefore, she interprets the court's original decision as constituting a holding that the summary judgment was based upon, and constituted a disposition of, both motions for summary judgment.

■ Appellant has misconstrued the court's decision. Our original opinion, in this respect, was only a statement of the state of the record before us. We did not discuss what legal effect, if any, the filing of the second motion for summary judgment had on the first motion. We do not agree that this is the effect of our holding in the original opinion. We merely held that since the stipulations of the parties and the recitations of the court in its judgment clearly show that a fact issue on the statute of limitations was raised by the pleadings and summary judgment evidence, said fact issue was not disposed of. In determining the finality of a judgment we must look to the judgment itself. *Gregory v. Lytton,* 422 S.W.2d 586 (Tex.Civ.App., San Antonio 1967, writ ref'd n. r. e.). Therefore, in the absence of a severance of that issue, the judgment was interlocutory and not appealable. Insofar as determining our jurisdiction it is immaterial whether the second motion for summary judgment did or did not supersede the first motion for such judgment. For the fact remains that on the face of the record it is shown that all fact issues were not disposed of. The judgment shows that the statute of limitations issue was reserved. This means that if the appellee is not successful in sustaining this judgment in the appellate courts it then would return to the trial court and present its statute of limitations defense. Rule 166A, T.R.C.P., does not authorize a piecemeal trial of the issues involved in this case. Vol. 4 McDonald Texas Civil Practice, sec. 17.26.3 p. 138.

■ Appellant further says that the trial judge "seems to feel very strongly that he has no power to resume jurisdiction over this cause" and if his position remains unchanged, the result might be that the appellant could neither return to the trial court for a new trial nor have any relief in this court. We do not consider this argument to be a legal ground for granting the motion for rehearing. To so hold would be a dangerous precedent for this court to set. The duty and responsibility rest with this court to determine its jurisdiction. We adhere to our original decision and believe it to be correct in light of the reported decisions. *See City of San Antonio v. Castillo,* 285 S.W.2d 835 (Tex.Civ.App., San Antonio 1955, n. w. h.); *Grodhaus v. Dimerling,* 259 S.W.2d 350, 352 (Tex.Civ.App., Galveston 1953). In the latter case, the Court of Civil Appeals held the trial court's judgment was not final because it did not dispose of the statute of limitations issue. However, the

Court remanded the cause to the trial court. The Supreme Court approved the holding of the Court of Civil Appeals but, upon the mere application for writ of error, remanded the cause to said Court with instructions to change its judgment from remand to one dismissing the appeal. *Dimerling v. Grodhaus*, 152 Tex. 458, 261 S.W.2d 561 (1953). Appellant's motion for rehearing is respectfully overruled.