Kathryn KUTZER, Appellant,

v.

Rollie R. MOORE et ux., Appellees.

No. 15860.

Court of Civil Appeals of Texas, San Antonio.

Oct. 12, 1977.

Edward J. Mihalko, San Antonio, for appellant.

**866**

Richard P. Corrigan, San Antonio, for appellees.

MURRAY, Justice.

Appellees, Rollie R. Moore and wife, Nellie A. Moore, filed suit to terminate the paternal rights of Rudolph D. Kutzer and wife, Kathryn Kutzer, natural father and mother of two minor children. Based on jury findings, the court entered judgment terminating the parent-child relationship of the children and their mother, Kathryn. The judgment is silent as to Rudolph, the father, except that he appeared with his attorney and that no pleadings were filed on his behalf. Paragraph three of the judgment states "[a] jury was demanded by the parties to determine the question of termination of the parental rights between the children the subject matter of this suit and KATHERINE [sic] KUTZER, and to determine the question of Managing Conservatorship of the children of this cause. All other matters in controversy, including all questions of fact and law, were submitted to the Court."

The judgment further provides that:

IT IS, THEREFORE, DECREED that the parent-child relationship between KATHERINE [sic] KUTZER and the children the subject matter of this suit be, and is hereby terminated.

IT IS DECREED that ROLLIE R. MOORE and NELLIE A. MOORE be, and are hereby appointed Managing Conservators of the children the subject matter of this suit, the Court finding this appointment to be in the best interests of the children.

Appellant, Kathryn Kutzer, has perfected an appeal from such judgment to this Court.

▮ The finality of a judgment for purposes of appealability is tested ordinarily by the requisite that it dispose of all issues and all parties. *North East Independent School Dist. v. Aldridge,* 400 S.W.2d 893, 895 (Tex. 1966).

▮ The pleadings of appellees ask for termination as to the father and mother and from the record before us it is clear that the action against the father is not disposed of by the judgment and is still pending. Therefore, judgment terminating the mother's rights is interlocutory and not appealable until the action against the father is either severed or finally determined. The suit against the father is separate and independent of the suit against the mother. *Dawn v. Amerada Petroleum Corp.,* 434 S.W.2d 451 (Tex.Civ.App.—Waco 1968, no writ).

Since the record discloses that there was no final or appealable judgment, this court is without jurisdiction and it is our duty to dismiss the appeal on our own motion. *Kirkland v. Martin,* 376 S.W.2d 819 (Tex. Civ.App.—Amarillo 1964, no writ).