**Annie L. SAXER, Individually and As Independent Executrix of the Estate of Norman K. Saxer, Appellant,**

v.

**NASH PHILLIPS–COPUS COMPANY REAL ESTATE, et al., Appellees.**

No. 12–83–0105–CV.

Court of Appeals of Texas, Tyler.

Sept. 27, 1984.

Rehearing Denied Oct. 25, 1984.

Anna L. Drayer, Austin, for appellant.

Douglass D. Hearne, Douglass D. Hearne & Associates, Austin, for appellees.

SUMMERS, Chief Justice.

This is an appeal from a partial summary judgment. Appellant, Annie L. Saxer, sued appellees [1] under the Deceptive Trade Practices—Consumer Protection Act, Tex.Bus. & Com.Code Ann. § 17.50 (Supp.1984) (hereinafter referred to as DTPA), for mis-

---

**1.** Appellant, plaintiff in the court below, brought this suit against four defendants, all of whom are appellees in this appeal. For simplic- ity, we will refer to the appellees collectively as NPC Realty Co. or NPC.

representations and nondisclosures allegedly made in connection with the sale of a home in Austin, Texas. Mrs. Saxer's petition also alleged that NPC Realty Co. or one of its agents forged her husband's name to a document which was also connected with the sale of the house and that the Saxers suffered damages as a result of the forgery. NPC made a motion for partial summary judgment on all issues regarding the forgery. After the motion for partial summary judgment was granted in NPC's favor, Mrs. Saxer made a motion to sever that part of the case pursuant to Rule 41 of the Texas Rules of Civil Procedure in order to make the partial summary judgment an appealable final order. The trial court granted the motion for severance and Mrs. Saxer perfected appeal. NPC Realty Co. filed a cross-point of error charging that the trial court erred in severing the forgery cause of action and that Mrs. Saxer should therefore not be allowed to appeal the partial summary judgment. We hold that the cause of action for forgery was severable and reverse the trial court's partial summary judgment.

Norman K. Saxer and Annie L. Saxer purchased a house and lot in Austin, Texas, from NPC Realty Co. in October 1977. After taking possession of the house, the Saxers filed suit against NPC for violations of the DTPA. The Saxers alleged that NPC had employed several deceptive trade practices, engaged in unconscionable conduct and made material misrepresentations during the course of negotiations and ultimate sale of the house. Among the many deceptive practices NPC is alleged to have committed is the failure to disclose to the Saxers that the house and lot were part of a homeowners association called Balcones Woods, Inc. and that membership in the association was mandatory and automatic upon the purchase of the house. Mandatory membership meant that the Saxers were obligated to pay monthly dues which were ostensibly used to maintain and operate a swimming pool and tennis courts owned by the association. NPC claimed that the assessments for monthly dues were secured by a lien on the house and lot purchased by the Saxers; the Saxers alleged that NPC also failed to disclose this fact prior to the sale of the house.

In an effort to establish that NPC had fully disclosed the facts concerning the homeowners association to the Saxers, the attorneys for NPC presented a document to Norman Saxer at his deposition which was purportedly signed by Mr. Saxer at or near the time of the closing of the sale of the house. The document described the association and the monthly dues and stated that membership in the association was mandatory. Mr. Saxer denied any knowledge of the association or the document and claimed that his signature on the document was a forgery. Mr. Saxer died of a heart attack seven months after his deposition. Annie Saxer survived her husband and was appointed independent executrix of his estate.

Mrs. Saxer amended her petition after her husband's death and alleged that

Defendants or Defendants' agent or agents forged said document willfully, maliciously, or in reckless disregard of the rights of Plaintiffs. Such act of forgery was deceptive, unlawful and constituted unconscionable conduct which Defendants intended to cause mental anguish to Plaintiffs or which Defendants could reasonable [sic] anticipate would result in mental anguish to Plaintiffs.

The amended petition also alleged that the forged document caused Norman Saxer mental stress which developed into high blood pressure; that the hypertension resulted in a heart attack one month after Mr. Saxer discovered the professed forgery at his deposition; and that he became comatose and died seven months later. Mrs. Saxer eventually amended her petition a seventh time claiming damages of one million dollars for the mental pain and anguish suffered by her and her husband and for her husband's death.

NPC filed a motion for partial summary judgment on Mrs. Saxer's forgery claim. In its motion, NPC took the position that appellant was suing for damages arising

from the act of presenting the allegedly forged document to Mr. Saxer at his deposition and not from the forgery itself which occurred before the deposition was taken. NPC argued that a deposition conducted during discovery is part of a judicial proceeding, *James v. Brown*, 637 S.W.2d 914 (Tex.1982), and therefore Mrs. Saxer may not base her cause of action upon any conduct or testimony that occurred during the deposition because it is absolutely privileged. *See* Restatement (Second) of Torts § 587 (1977). Mrs. Saxer responded that conduct or testimony occurring in judicial proceedings is absolutely privileged only in libel and slander cases and therefore the defense is not applicable to the case at bar. The trial court granted the motion for partial summary judgment based on NPC's argument that the presentation of the document at Mr. Saxer's deposition was absolutely privileged.

After the trial court granted NPC's motion for partial summary judgment, Mrs. Saxer filed a motion to sever that part of the case in order to appeal the judgment. The trial court granted Mrs. Saxer's motion and severed the forgery claim from the remainder of her DTPA cause of action. The order of severance is attacked in NPC's cross-point of error. *See* Tex.R. Civ.P. 420. Because our jurisdiction over Mrs. Saxer's point of error is dependent upon a proper severance, we will address NPC's cross-point first.

■■■ A summary judgment which does not dispose of all the issues of a case is interlocutory and not appealable unless the trial court has severed that part of the case. *Hubbard Office World, Inc. v. Jay*, 580 S.W.2d 55 (Tex.Civ.App.—Tyler 1979, no writ); *Clabaugh v. City of Tyler*, 531 S.W.2d 152 (Tex.Civ.App.—Tyler 1975, no writ). When a severance is granted, as in this case, the judgment in the severed portion of the case is final for purposes of appellate jurisdiction. However, the order of severance may be set aside on appeal, thereby rendering the order granting the partial summary judgment interlocutory

and nonappealable. *Schieffer v. Patterson*, 433 S.W.2d 418 (Tex.1968); *Pierce v. Reynolds*, 160 Tex. 198, 329 S.W.2d 76 (1959). The partial summary judgment may be appealed when, but not before, it is merged into a final judgment disposing of the whole case. *Rutherford v. Whataburger, Inc.*, 601 S.W.2d 441 (Tex.Civ.App.— Dallas 1980, writ ref'd n.r.e.); *Clabaugh v. City of Tyler*, 531 S.W.2d at 155.

■■■ Tex.R.Civ.P. 41 provides that "any claim against a party may be severed and proceeded with separately." The trial judge is given broad discretion in ordering a severance, and his order will not be overruled unless he has abused his discretion. Although a severance is sometimes ordered merely to expedite appellate review of a partial summary judgment, that reason alone is not grounds to find an abuse of discretion if the claim is properly severable. *See Cherokee Water Co. v. Forderhause*, 641 S.W.2d 522, 526 (Tex.1982). A claim is properly severable if (1) the controversy involves more than one cause of action, (2) the severed claim is one that would be the proper subject of a lawsuit if independently asserted, and (3) the severed claim does not involve the same facts and issues. *Straughan v. Houston Citizens Bank & Trust*, 580 S.W.2d 29 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ).

■■■ The Saxers' seventh amended original petition states a cause of action under the DTPA based upon several allegedly unconscionable actions and misrepresentations. It also alleges that NPC or its agent intentionally forged Mr. Saxer's name and that the Saxers were damaged thereby. Forgery is an unlawful and unconscionable act[2] for which a common law court may provide a civil remedy independent of the remedies provided by § 17.50 of the DTPA; the DTPA does not engulf all tort causes of action for the recovery of damages. The facts and circumstances surrounding the alleged misrepresentations made during the sale of the house are not identical to the facts needed to prove that

2. TEX.PENAL CODE ANN. § 32.21 (Vernon 1974).

Mr. Saxer's signature is a forgery. The forgery and DTPA claims are separate and distinct causes of action which may be independently asserted. Therefore, the trial judge did not abuse his discretion when he severed the forgery claim from the DTPA cause of action. The partial summary judgment, which was severed from the remainder of the case, is therefore a final order and this court has jurisdiction over this appeal.

The trial court's order granting NPC's motion for partial summary judgment states, in part, as follows:

> [T]he Court finds that Plaintiffs have alleged a cause of action against the Defendants ... based upon certain alleged mental anguish and other damages which the Plaintiffs allegedly sustained as a result of the alleged forgery of Defendants of the signature of Norman K. Saxer, Deceased, to a document [and] that the Plaintiff and Norman K. Saxer, Deceased, obtained such knowledge of the existence of [the document] for the first time at a deposition of Plaintiff and Norman K. Saxer, Deceased, conducted by the Defendants' attorneys; ... any cause of action by the Plaintiff for damages resulting from mental anguish or otherwise sustained after being apprised of the existence of [the document] during the deposition is absolutely privileged, as a matter of law....

Texas courts have adopted the Restatement's doctrine of absolute privilege in libel and slander cases. *James v. Brown*, 637 S.W.2d 914 (Tex.1982); *Reagan v. Guardian Life Ins. Co.*, 140 Tex. 105, 166 S.W.2d 909 (1942). Section 587 of the Restatement (Second) of Torts states: "A party to a private litigation ... is absolutely privileged to publish defamatory matter concerning another in communications preliminary to a proposed judicial proceeding, or in the institution of or during the course and as a part of, a judicial proceeding in which he participates, if the matter has some relation to the proceeding." The reasoning behind this doctrine is to promote the public policy of complete and unbridled development of evidence in the settlement of disputes without fear of reprisals.

██ NPC argued in its motion for partial summary judgment and in its reply point of error that the doctrine of absolute privilege is not limited to libel and slander cases but has been extended by the courts to include other causes of action. NPC relies on *Clark v. Grigson*, 579 S.W.2d 263 (Tex.Civ.App.—Dallas 1978, writ ref'd n.r. e.), and *Bailey v. Rogers*, 631 S.W.2d 784 (Tex.App.—Austin 1982, no writ), which extended the absolute-privilege defense to negligence causes of action against expert witnesses. Since the summary judgment in the case at bar was granted, the Texas Supreme Court decided *James v. Brown*, 637 S.W.2d 914 (Tex.1982), in which the court expressly disapproved the language of *Clark v. Grigson*, 579 S.W.2d at 264. The court stated, "The unavailability of a defamation action does not preclude a plaintiff from pursuing other remedies at law." *James*, 637 S.W.2d at 917–918. Therefore, the trial court erred by granting a summary judgment in the Saxers' cause of action for forgery, and the judgment of the trial court is reversed and remanded with the instruction that this cause of action be docketed under a separate cause number for further proceedings.