TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-000532-CV






Rick Roberts, d/b/a Rick Roberts Construction, Appellant



v.



Driskill Holdings, Inc. and Great American Life Insurance Company, Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT


NO. 99-02842-A, HONORABLE C. W. DUNCAN, JR., JUDGE PRESIDING







 Appellant Rick Roberts sued appellees Driskill Holdings, Inc. and Great American
Life Insurance Company (1) on an account, for breach of contract, and for foreclosure on a
mechanic's lien obtained to secure payment for construction services rendered pursuant to a series
of contracts with appellees. Great American moved for partial summary judgment to modify
Roberts's mechanic's lien to delete claims against the fee simple interest of Highland Resources,
Inc. (Highland), a separate entity not party to the lawsuit. The court granted partial summary
judgment and appellees' subsequent motion to sever the issues adjudicated. (2) In his appeal,
Roberts argues that the trial court erred in granting appellees' motions for severance and partial
summary judgment. We will affirm the trial court's judgment.


FACTUAL AND PROCEDURAL BACKGROUND


 In the fall of 1997, Driskill, as manager for Great American, hired Roberts as a
general contractor to renovate portions of the Driskill Hotel. The hotel occupies two separate
tracts of real property, and the renovation project involved construction in both the tower structure
(located on tract one) and the historic areas (located on tract two). Great American owns the
hotel, fee simple title to tract one, and a leasehold estate in tract two. Highland owns fee simple
title to tract two which it leases to Great American. Roberts performed construction services on
the hotel until he was terminated in the fall of 1998. 

 Roberts demanded payment of approximately $300,000 he was allegedly owed for
construction and repairs to the hotel. In November 1998, after Driskill repeatedly refused his
demands, Roberts filed an affidavit for a mechanic's lien in the amount of $316,299 against both
tracts of property to secure payment. Roberts later filed suit against Driskill and Great American
for debt owed on a sworn account, breach of contract, fraud, and to foreclose on his mechanic's
lien. Great American responded, in part, that it leased tract two from Highland. Pursuant to an
obligation under its lease agreement to promptly adjudicate any mechanic's lien on the property,
Great American moved for partial summary judgment to cancel Roberts's lien against Highland's
fee simple interest in tract two. 

 Roberts then amended his original petition to aver that, as lessee, Great American
acted as an agent with authority to contract on Highland's behalf. Great American maintains that
no such agency relationship existed and that Highland neither requested nor authorized its contract
with Roberts. The trial court granted partial summary judgment limiting Roberts's mechanic's
lien against tract two to the leasehold estate held by Great American; it then granted Great
American's subsequent motion to sever the issues adjudicated by the partial summary judgment.


DISCUSSION


Partial Summary Judgment

 Well-established standards govern judicial review of motions for summary
judgment:  (1) the movant for summary judgment has the burden of showing that no genuine issue
of material fact exists and that it is entitled to judgment as a matter of law; (2) in deciding whether
there is a disputed material fact issue precluding summary judgment, evidence favorable to the
nonmovant will be taken as true; and (3) every reasonable inference must be indulged in favor of
the nonmovant and any doubts resolved in its favor. See Sysco Food Servs., Inc. v. Trapnell, 890
S.W.2d 796, 800 (Tex. 1994); Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-9
(Tex. 1985). The purpose of summary judgment is to eliminate patently unmeritorious claims and
defenses. See Swilley v. Hughes, 488 S.W.2d 64, 68 (Tex. 1972).

 Roberts alleges that provisions of the 1973 lease agreement between Great
American and Highland confer express and implied authority for Great American to act as
Highland's agent for the purpose of making improvements to the property. In light of this alleged
agency relationship, Roberts contends that Highland's fee simple interest in tract two is subject
to a mechanic's lien to satisfy debts incurred by its agent, Great American, in making
improvements. Specifically, Roberts relies on language in the lease describing the lessee's
responsibility to renovate the property "in a satisfying and workmanlike manner" that will
"maintain and perpetuate the tradition, historical significance and aesthetic qualities of the old
Driskill." We do not find that these words create an agency relationship. The language simply
mandates basic standards of quality that Great American, as lessee, must adhere to in remodeling
and does not indicate Highland's intent to give Great American any authority to enter into
contracts on Highland's behalf. 

 A lessee cannot encumber the fee simple estate of its lessor by making repairs or
improvements unless he is authorized to act as an agent of the lessor. A contractor or
materialman has rights only against the person with whom he has contracted or to whom he has
furnished labor and materials. Therefore, contracts with a lessee of realty cannot, per se, give
rise to any rights against the lessor or his title to the realty. See Schneider v. Delwood, 394
S.W.2d 671, 673 (Tex. Civ. App.--Austin 1965, writ ref'd n.r.e.) (citing Grube v. Nick's No. 2,
278 S.W.2d 252 (Tex. Civ. App.--El Paso 1955, writ ref'd n.r.e.)); see also Bethlehem Supply
Corp. v. Wotola Royalty Corp., 165 S.W.2d 443, 445 (Tex. 1942) (lease requirements do not
necessarily confer authority sufficient to encumber lessor's fee simple estate). A mechanic's lien
attaches only to the interest of the person contracting for construction; therefore, when a lessee
contracts for construction, the mechanic's lien attaches only to the leasehold estate, not to the fee
interest of the lessor. See Diversified Mortgage Investors v. Lloyd D. Blaylock Gen. Contractor,
Inc., 576 S.W.2d 794, 805 (Tex. 1978). The only exception arises when the lessor authorizes
the lessee to act on his behalf, and the lessee acts within the scope of that authority. See Rosen
v. Peck, 445 S.W.2d 241, 243 (Tex. Civ. App.--Waco 1969, no writ). 

 Roberts contends that the standard for renovation provided in the lease agreement 
confers upon Great American the authority to act as Highland's agent and encumber Highland's 
fee simple interest. However, three factual elements must exist in order to create an agency
relationship: (1) the manifestation by the principal that the agent shall act for him, (2) the agent's
acceptance of the undertaking, and (3) the understanding of the parties that the principal is to be
in control of the undertaking. See Restatement (Second) of Agency § 1 cmt. b. (1958). The
general standards for renovation imposed by Highland's lease do not satisfy any of the three
elements necessary to create an agency relationship. Standing alone, Highland's lease agreement
with Great American does not constitute evidence of an agency relationship sufficient to preclude
summary judgment.

 Roberts cites Bond v. Kagan-Edelman Enters., 985 S.W.2d 253 (Tex. App.--
Houston [1st Dist.] 1999, no pet.), to support his argument that the language of the lease
agreement creates a genuine issue of material fact regarding an agency relationship between Great
American and Highland. In Bond, the appellate court looked beyond the written provisions of a
lease to overrule a jury's determination that no agency relationship existed between the lessee and
lessor. See 985 S.W.2d at 257. However, important factual differences distinguish Bond from
this case. First, the lessor in Bond hired the lessee as a general contractor with the authority to
employ subcontractors for construction services. See id. at 257-58. Second, throughout the
construction process, the subcontractors performed according to the lessor's direct specifications
and supervision. See id. at 255. Despite specific language in the lease denying the existence of
an agency relationship, the Bond court held that under these particular circumstances, the parties
maintained a dual relationship as lessor-lessee and owner-general contractor, and as general
contractor, the lessee had authority to encumber the lessor's fee interest. See id. at 257-258. 
Finally, the lessor in Bond paid subcontractors, supervised subcontractors' work, and engaged in
other conduct indicating his explicit recognition of the lessee's status as general contractor. See
id. at 255, 258. Thus, the lien holders in Bond offered ample evidence that the lessor hired the
lessee as general contractor and thereby conferred authority on the lessee to act as his agent within
the course and scope of his role as a general contractor. See id. at 257-58.

 Although Bond stands for the proposition that a court may consider circumstances
beyond the terms of the lease agreement in order to assess whether an agency relationship exists
between the parties, in this appeal Roberts relies solely on the terms of the lease to raise a factual
issue regarding the creation of an agency relationship; he offers no additional circumstantial
evidence to corroborate his assertion. The general terms of the lease agreement regarding the
expected aesthetic standards of renovation do not indicate Highland's intent to oversee, approve,
or participate in the construction. Indeed, the terms specifically deny to Highland the degree of
control necessary to characterize it as an undisclosed principal. (3) Without more, the lease does not
create a genuine issue of material fact as to the existence of an agency relationship between Great
American and Highland. We overrule appellant's second point of error and hold that the motion
for partial summary judgment was properly granted. 

Severance

 In his first point of error, Roberts argues that the trial court erred in severing the
partial summary judgment. Pursuant to Rule 41 of the Texas Rules of Civil Procedure, a trial
court may sever a claim prior to trial where severance will ostensibly "do justice, avoid prejudice,
and further convenience." Guaranty Fed. Sav. Bank v. Horseshoe Operating Co., 793 S.W.2d
652, 658 (Tex. 1990). A claim is properly severable when "(1) the controversy involves more
than one cause of action, (2) the severed claim is one that would be the proper subject of a lawsuit
if independently asserted, and (3) the severed claim is not so interwoven with the remaining action
that they involve the same facts and issues." Id. at 658 (citing Saxer v. Nash Phillips-Copus Co.
Real Estate, 678 S.W.2d. 736 (Tex. App.--Tyler 1984, writ ref'd n.r.e.)). 

 The trial court has broad discretion in deciding a motion to sever. A grant of
severance may not be reversed absent an abuse of that discretion. See id.; see also State Farm
Mut. Auto. Ins. Co. v. Wilborn, 835 S.W.2d 260, 261 (Tex. App.--Houston [14th Dist.] 1992,
orig. proceeding) ("The trial court has wide discretion to order or not order separate trials when
judicial convenience is served and prejudice avoided."). A trial court abuses its discretion when
it acts in an unreasonable and arbitrary manner or without reference to any guiding rules or
principles. See Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). 
This Court may not reverse for abuse of discretion merely because we disagree with the decision
of the trial court. See id. at 242. "A mere error of judgment is not an abuse of discretion." 
Loftin v. Martin, 776 S.W.2d 145, 146 (Tex. 1989). 

 Typically, the party seeking to appeal the court's decision granting partial summary
judgment will move to sever the decision from the remainder of the cause so that the partial
summary judgment becomes a final judgment subject to appellate jurisdiction. It is unusual for
the prevailing party, here Great American, to request severance of an issue decided in its favor. 
Rather than moving to sever for purposes of appeal, Great American sought to expeditiously
obtain adjudication and cancellation of the lien on Highland's fee simple interest, thus fulfilling
its obligation under the lease.

 Roberts argues that severance of the partial summary judgment was improper
because:  (1) the issues severed do not involve a separate and distinct cause of action, (2) the
severance impermissibly limits his mechanic's lien, (3) the severed issues are involved and
intertwined with the facts of the underlying lawsuit, and (4) the severance does not promote
judicial economy or justice.

 A mechanic's lien is a form of security obtained to insure payment of a judgment
for debt and is not a separate cause of action. However, a mechanic's lien is ancillary to a
separate cause of action insofar as liens are "incidents of and inseparable from debt." University
Sav. & Loan Ass'n v. Security Lumber Co., 423 S.W.2d 287, 292 (Tex. 1967); see also Lobit v.
Crouch, 293 S.W.2d 110, 113 (Tex. Civ. App.--Austin 1956, writ ref'd n.r.e.). A judgment for
debt owed cannot be rendered against an entity, such as Highland, that is not a party to the
lawsuit. Under an agency theory, Roberts could bring a separate cause of action for debt against
Highland and if successful obtain a mechanic's lien against Highland's fee interest to secure
payment of a judgment in his favor. Thus, the summary judgment issue regarding Roberts's
entitlement to a mechanic's lien in Highland's fee interest does not constitute a separate cause of
action. Rather, it requires a separate cause of action against Highland on the debt. Furthermore,
a claim against Highland would require Roberts to establish additional facts unrelated to the
contract claim against Great American in order to prove that an agency relationship existed
between Highland and Great American. 

 Roberts alleges that the severance improperly splits his mechanic's lien claim by
severing one discrete element of his claim from the remainder of his lien claims. However,
Roberts has not asserted any claims against Highland, "except to the extent that Great American
is authorized to encumber its property by employing Roberts to make improvements on it."
Because Roberts failed to offer evidence creating a fact issue that Highland either hired or
authorized Great American as a general contractor, he has no claim against Highland and is not
entitled to a lien against Highland's interest in tract two. Moreover, Roberts's mechanic's liens
against Great American's fee simple interest in tract one and its leasehold estate in tract two
remain intact and unaffected by the severance.

 Finally, allowing Highland's fee interest to remain encumbered for the duration of
the underlying action against Great American creates a cloud on Highland's fee simple title. To
the extent that it will prevent further litigation, severance promotes efficiency and judicial
economy. Roberts argues that severance in this circumstance wastes judicial resources since it
may require the parties "to prosecute and defend piecemeal appeals of different issues involving
the same facts." Roberts could have avoided piecemeal adjudication of these issues by joining
Highland as a defendant in the present lawsuit. 

 Severance of a discrete issue involving a nonparty's liability that is contingent on
facts unrelated to the underlying causes of action does not contravene any rules or guiding
principles of law and, in this instance, may ultimately conserve judicial resources. Therefore, we
overrule Roberts's first point of error and hold that the trial court did not abuse its discretion in
granting appellees' motion to sever.


CONCLUSION


 Roberts failed to raise a genuine issue of material fact regarding the alleged agency
relationship between Great American and Highland so as to defeat a partial summary judgment
limiting his mechanic's lien on tract two to the leasehold estate. The trial court did not abuse its
discretion by severing the issues adjudicated by the partial summary judgment. We therefore
affirm the trial court's judgment.



 


 Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices Kidd and B. A. Smith

Affirmed

Filed: March 23, 2000

Do Not Publish
1. Great American is Driskill's parent company.
2. The Honorable Ernest Garcia granted the partial summary judgment, and the Honorable
C. W. Duncan Jr. granted the motion to sever.
3. The lease provides: "Lessee may, at its option and without Lessor's prior consent, make
such further renovations and alterations, structural changes, and constructional and functional
joinders between the leased premises and the new construction, as may be necessary or convenient
to obtain such result."



s mechanic's lien, (3) the severed issues are involved and
intertwined with the facts of the underlying lawsuit, and (4) the severance does not promote
judicial economy or justice.

 A mechanic's lien is a form of security obtained to insure payment of a judgment
for debt and is not a separate cause of action. However, a mechanic's li